4-6224

144 S. W. 2d 20

Opinion delivered November 4, 1940.

*Clifton Wade,* for appellants.

*V. James Ptak,* for appellee.

MEHAFFY, J.   This action was instituted by the appellee, Lynn Shelton Post No. 27, Department of Arkansas, American Legion, to quiet title to a tract of land in Fayetteville, Washington county, Arkansas.   Washington county had conveyed the land to the appellee, the appellee agreeing to construct a building for the use of the Post and Washington county.   There was no other consideration.   The building will cost about $8,000 and was partially erected when the suit was begun.

It is alleged in the complaint that appellee is a benevolent corporation, organized and existing under the statutes of the state of Arkansas, with its principal place of business at Fayetteville, Washington county, Arkansas; on May 3, 1940, the Washington county court entered an order appointing Gerald M. LeMarr as

commissioner to make a conveyance of the real estate described, belonging to Washington county. Pursuant to said order Gerald M. LeMarr, as commissioner, did on September 25, 1940, execute a deed to the appellee to the real estate described. Appellee is actively engaged in charitable work for the citizens of Washington county and for national defense and education programs for the benefit of the people of said county; that it proposes and has commenced to erect a building on said real estate for the use of its activities, including the above, and for a public auditorium for the use of the citizens of said county, and to contain space for storage of motor vehicles and other equipment and property; it has agreed to provide storage space for property belonging to Washington county; the real estate conveyed was not dedicated to any specific use of Washington county, and not needed by the county and it is for the best interest of the citizens of the county that appellee be allowed to retain the property and complete the construction of the improvements for the uses set out; that the value and benefit to be received by the county and citizens thereof from the uses and construction proposed by the appellee are in excess of the value of the land.

Washington county filed an answer denying the allegations generally, but admitted that appellee is a benevolent corporation with its principal place of business in Fayetteville, Washington county, Arkansas; admits that Washington county court entered the order alleged on May 3, 1940; and admits that the commissioner executed the conveyance described in the complaint; admits that the lands described in the complaint are not now needed for county purposes, and that there is an agreement between appellant and appellee that appellee will furnish storage space for vehicles, supplies, equipment and property to Washington county free of cost. It denies that the county court or county judge was authorized to appoint a commissioner to make a conveyance, and states that the conveyance was void for want of consideration.

Curtis Bynum intervened for the use and benefit of the state of Arkansas, and alleged that the land was

conveyed by the commissioner to the state of Arkansas; that the state is now the owner, and neither Washington county nor the Post has any interest in the real estate, and asked that the title to the land be quieted and confirmed in the state of Arkansas.

The answer to the intervention denied the allegations and stated that if there was any such deed, it was the result of clerical misprision.

The facts are undisputed, and they are to the effect that the county court made an order appointing the commissioner to convey the land to the Lynn Shelton Post, and that the commissioner, through mistake, made the state of Arkansas grantee instead of the Post. No one intended that this should be conveyed to the state of Arkansas, and the state of Arkansas knew nothing about it. This deed was never approved, and thereafter a correct deed was made naming the Lynn Shelton Post as grantee. The facts are undisputed that Washington county owned this tract of land and had no use for it, and was not using it, and the court made the orders and the commissioner made the deed in compliance with the orders of the court. His action was afterwards approved by the court, and the deed was approved, and the Post began the erection of the building. The appellant does not claim that the property conveyed was used by the county for any county purpose and does not claim that it was needed by the county. The appellant does not dispute nor deny any facts alleged and proved by the appellee.

Upon a hearing the chancery court entered a decree quieting title in the Lynn Shelton Post No. 27, Department of Arkansas, American Legion, and to reverse this decree this appeal is prosecuted.

The appellant contends that there was no consideration for the deed, but it is admitted that the building is being erected, and that there is storage space for the use of Washington county, and an auditorium is being built for the benefit of the citizens of Washington county, and there is no claim of fraud.

Under the law in this state, the control and management of all county property is placed in the county court, and authority is conferred on that court to sell and cause to be conveyed any real estate or personal property belonging to the county.

Section 2478 of Pope's Digest reads as follows: "The county court may, by an order to be entered on the minutes of said court, appoint a commissioner to sell and dispose of any real estate of the county, and the deed of such commissioner, under his hand, for and on behalf of such county, duly acknowledged and recorded, shall be sufficient, to all intents and purposes, to convey to the purchaser all the right, title, interest and estate whatever which the county may then have in and to the premises to be conveyed."

The conveyance here involved was made pursuant to and in strict compliance with the terms of the statute above quoted, and the attack here relates only to the consideration. The above quoted statute confers abundant power upon the county court to sell and convey property of the county not held in trust for specific purposes. The county court, having the power to direct the sale, the consideration can only be inquired into for the purpose of establishing fraud, and there is no charge of fraud involved in this case. The decision below was upon the sufficiency of the allegations and the evidence. So far as the allegations in the pleadings and the evidence are concerned, the transaction was inspired by the best motives and purposes on the part of those who participated therein, and nothing short of fraud, or such gross inadequacy as will be equivalent to fraud, is sufficient to invalidate the order of the county court directing the conveyance. The consideration need not be in money, but the county court, in exercising its power, may determine what is to the best interest of the county.

In the case of *Little Rock Chamber of Commerce* v. *Pulaski County,* 113 Ark. 439, 168 S. W. 848, the court cited the case of *Roberts* v. *Northern Pacific Rd. Co.,* 158 U. S. 1, 15 S. Ct. 756, 39 L. Ed. 873, and quoted from said case as follows:

"In the first place, the transaction between the county of Douglas and the Northern Pacific Railroad Company did not involve the exercise of the taxing power of the county. The county did not issue bonds, or seek to subject itself to any obligation to raise money by taxation. The case, as already stated, was that of a sale. The county authorities had ample powers to sell and convey such of its lands as were not used or dedicated to municipal purposes. . . . It is, indeed, urged that the county authorities could only sell its lands for money. We do not accede to this proposition. If they possessed the power to sell for money, we are pointed to no express provision of law that restricts them from selling for money's worth. . . . It is straining no principle of law or of good sense to regard the payment of an annual tax as equivalent, for the purpose of our present inquiry, to the payment of a rent. The amount, as well as the nature of the consideration received by the county in exchange for its lands, if it had the power to sell them, was a matter that concerned the county only. . . . It may, perhaps, be said that what is forbidden is a resort to the taxing power where the municipality has received no consideration. But, as we have shown, the county in the present case paid no money and issued no bonds requiring any exercise of the taxing power. It was the case of a sale, in consideration of money paid down and to be paid in the form of taxes, in addition to the great advantages to inure to the public."

The court, after quoting the above, said: "Now, the principle involved in that case is the same as in this. While the railroad company paid some money consideration, the main consideration was the increased revenues and the great advantages to inure to the public through the construction of the railroads.

"If the county has the power to take the public advantage into consideration at all, it has the right to base the conveyance entirely upon that as the moving consideration." See, also, *Ivy* v. *Edwards*, 174 Ark. 1167, 298 S. W. 1006; *Fayetteville* v. *Baker*, 176 Ark. 1030, 5 S. W. 2d 302; *Allen* v. *Barnett*, 186 Ark. 494, 54 S. W. 2d 399.

Where the county court is by statute clothed with the power to sell and dispose of county property not dedicated to specific use, it may determine what consideration shall be accepted, and unless there is fraud, the judgment of the county court will not be disturbed.

The decree of the chancery court is affirmed.