State v. Baxter.

## STATE V. BAXTER.

1. **COUNTY COURTS:** *Trust relation of, towards public property.*
 Under *Mansf. Dig.,* secs. 1069, 1092, 1095, 1096, 1407, vesting in the county court power to control all property for the use of the county and to sell the same through a commissioner appointed for that purpose, that court is the guardian of the property interests of the county, and occupies in that respect a position of trust in which it is bound to the same measure of good faith towards the county, which is required of an ordinary trustee towards his *cestui que trust.*

2. **SAME:** *Fraudulent lease of county property : Innocent purchaser.*
 A block of ground was granted by act of congress to the county of Garland as a site for the public buildings of that county. The county court accepted the grant but refused to use it for the purpose for which it was made, and the county judge without any previous order of the court, and disregarding the statute which provides that the sale of the county's real estate shall be made by a commissioner whose conveyance shall pass only such right or title as the county has, leased the block privately for 99 years to B. and M. for the sum of $1,025, and executed to them in the name of the county a lease embracing covenants that the county would " warrant and defend the lessees, their executors, administrators, and assigns, in the possession of the" land " and against all damages whatever that may accrue by reason of the lease or any acts of the lessor," and that the payment of the $1,025 should be in full of all demands of whatever kind " for rent or assessment of and on said block for the full and entire term of the lease." The lease was afterwards ratified by the court, the judge who made it presiding, and the lessees after dividing the block into lots sublet part of the lots by leases which embraced only such interest as they had and in which they stipulated against liability for damages if their lessees should be dispossessed. The property was worth at least $5,000, and the lease of it for 99 years at least $4,000. On a bill brought by the state for the use of the county to cancel the lease—to which all persons in possession of the leased premises were made parties defendant, *held :* (1.) That the lease which amounts substantially to a sale of the block for $1,025, was a fraud upon the county, and its ratification by the court was ineffectual to give it force: (2.) That the lessees of B. and M. were not innocent purchasers, since the evidence of their own title was sufficient to put them upon notice of its invalidity.

APPEAL from *Garland* Circuit Court.

L. LEATHERMAN, Special Judge.

*R. G. Davies,* for appellant.

1. The property was dedicated by gift to public purposes and was not subject to alienation by the county. 9 *Am. Dec.,* 578; 15 *Cant., L. J.,* 422; 11 *Am. Dec.,* 471; 38 *Ark.,* 467; 55 *Ind.,* 297; 2 *Dill Mun. Corp.,* 567, sec. 445, (2d *Ed.*); 12 *Vt.,* 15; 23 *Id.,* 92; 9 *Conn.,* 61; 33

State v. Baxter.

*N. Y.*, 333; 3 *Allen*, 9; 95 *U. S.*, 303; *Hill Trustees, Marg.*, *p.* 463–467; *Ib.*, 471. As to the power to lease, see *Hill Trustees*, 480, 153; 2 *How.*, 127; 2 *Dillon*, 567; 2 *Sneed*, *Tenn.*, 305; 30 *Penn.*, 437; 4 *R. I.*, 414; 12 *La. Ann.*, 301; 5 *Ohio*, 237; 5 *Ind.*, 465; 3 *Peters, S. C.*, 99; 28 *Am. Rep.*, 522; 11 *Am. Dec.*, 471; 29 *Am. Rep.*, 605; 17 *Ark.*, 483; 13 *Pac. Rep.*, 890; 14 *Pa.*, 186; 38 *Mo.*, 315; 12 *B. Mon.*, (*Ky.*) 538; 22 *Iowa*, 351.

2. The county judge could not sit in judgment on his own account. 9 *Ark.*, 320.

3. The lease was fraudulent and improvident on its face, and not in compliance with the laws of this state. See *Perry on trusts*, secs. 733, 735, 744, *pp.* 380–3, 387 *to* 395; 17 *Otto*, 163.

*E. W. Rector*, for appellees.

The grant by congress vested the title in fee in Garland county, *Sup. to Rev. St. U. S.*, *Vol.* 1, *p.* 293, and if the leasing of it was a forfeiture, no one can take advantage of it except the United States. 2 *Minor Inst.*, 325; 21 *Wal.*, 44; *Mansf. Dig.*, sec. 641; *Rutherford v. Green*, 2 *Wheaton*; 12 *Howard*, 31; 21 *Wall.*, 44; 21 *Ark.*, 444; *Mansf. Dig.*, 1068, 1095.

The county judge had the management and control of the real and personal property of the county, and could sell or lease. *Mansf. Dig.*, sec. 1407. The contract of lease being otherwise fair and lawful, both parties having performed their respective parts, the plea of *ultra vires* cannot avail. 47 *Ark.*, 284; 96 *U. S.*, 341; 98 *Id.*, 621; 121 *Id.*, 488.

BATTLE, J. This action was instituted in the Garland circuit court, on the chancery side thereof, by appellant, for the purpose of setting aside a lease of a certain block of

ground in the city of Hot Springs by the county court of Garland county to George W. Baxter and Walter A. Moore, for ninety–nine years, for the consideration of $1025. Baxter and Moore, and all parties in possession of the leased premises at the time the action was brought were made defendants in the bill. The cause was tried on an issue of fact. The judgment of the court was in favor of the defendants; and plaintiff appealed.

This is the second time this action has been here on appeal. The substance of the complaint is set out in the opinion delivered on the first appeal and reported in 38 *Ark.*, 464, 465, 466. It is alleged in the complaint that the county of Garland is ready to, and will, if permitted to do so, use and occupy the block for the purpose it was granted by congress.

Appellees answered and denied all of the material allegations of the complaint, and alleged, in effect, that the land granted to the county was unsuitable for public buildings of the county, at the time it was leased, and unsuitable for buildings of any kind until it was laid out and improved by appellees; that the money procured from said lease was used in the purchase of the grounds and the house thereon, now owned and used by Garland county as a court house; that the price paid for said lease was the best price that could be obtained, and that open and repeated efforts were made by the county judge for more without avail.

By amendment to their answer, they also allege that, since said lease was made, Garland county has bought, built and owns a court house, jail, and public buildings elsewhere in said county; that appellees had made improvements upon said land in controversy, before the suit was brought, aggregating in value $25,000; that said improvements were made peaceably and in good faith, with the belief that said lease was valid, and that no objection to said improvements upon

the part of the officials of Garland county was made. They make their answer a cross-complaint, and ask if said lease be cancelled, that an account be taken of their improvements, and that they be paid for them in full before they are required to surrender them."

Appellant replied to the answer of appellees, denying, among other allegations, that appellees improved the land in question to the extent of $25,000, and alleging that the improvements put upon the land were made while suit for cancellation of the lease was pending, and that the rental value of the land for the time Garland county was kept out of possession by appellees exceeds the value of the improvements and the $1025 Baxter and Moore agreed to pay; and that appellees have never paid taxes on their improvements.

Section 19 of the act of congress, entitled "An Act in Relation to the Hot Springs Reservation in Arkansas," approved March 3, 1877, is as follows:

"That a suitable tract of land not exceeding five acres shall be laid off by said commissioners, and the same is hereby granted to the county of Garland, in the State of Arkansas, as a site for the public buildings of said county; provided, that the tract of land hereby granted shall not be taken from the land herein reserved for the use of the United States."

In pursuance of this section the commissioners appointed to carry into effect the provisions of the act, laid off and set apart the block in question to the county of Garland. The effect of the grant was to vest in Garland county the title to the block so laid off and set apart. Whether the title was subject to be divested by the failure of the grantee to use it as a site for public buildings, or not, is a question not now presented for decision. The United States only can take advantage of such failure, if any one can. *Martin v. Skipwith,* 50 *Ark.,* 141.

Having the title, did the Garland county court have the power to lease the block for ninety-nine yeas, and if so, can and should the lease be set aside in this action for fraud ?

In *United States v. Arredondo*, 6 *Pet.*, 729, it is said : "It is a universal principle that where power is delegated to any public officer or tribunal over a subject matter, and its exercise is confided to his or their discretion, the acts so done are binding and valid as to the subject matter, and individual rights will not be disturbed collatterally for anything done in the exercise of that discretion within the authority and power conferred. The only questions which can arise between an individual claiming a right under the acts done and the public, or any person denying its validity, are power in the officer, and fraud in the party. All other questions are settled by the decision made, or the act done, by the tribunal or officer, whether executive, legislative, judicial, or special, unless an appeal is provided for, or other revision by some appellate or supervisory tribunal is prescribed by law."

Under the laws of this state, the county court is vested with full power and authority to control and manage all the property, real and personal, for the use of the county; "to purchase or receive by donation any property, real or personal, for the use of the county ; and to cause to be erected all buildings and all repairs necessary for the use of the county ; and to sell and cause to be conveyed any real estate or personal property belonging to the county, and appropriate the proceeds of such sale for the use of the county." In directing how this power and authority shall be exercised, the statutes of this state provide, that "the county court may, by an order to be entered on the minutes of said court, appoint a commissioner to sell and dispose of any real estate of the county, and the deed of such commissioner, under his hand, for and on behalf of

such county, duly acknowledged and recorded, shall be sufficient, to all intents and purposes, to convey to the purchasers all the *right, title, interest and estate* whatever which the county may *then* have in and to the premises to be conveyed;" and that, whenever the county court shall make an order for the erection of any public building, it shall appoint some suitable person as commissioner of public buildings, who shall superintend the erection of the same ; and that, if there be no suitable ground belonging to the county on which to erect the building, " the commissioner shall select a proper piece of ground at the seat of justice, and may purchase or receive by donation a lot or lots of ground for that purpose, and shall take a good and sufficient deed in fee simple for the same to the county, and shall make report of his proceedings to the court at its next term; and that the court shall examine the proceedings of the commissioner, and if it finds the title to such property so purchased to be good, and otherwise approve his proceedings, it shall state the approval of the same on the record, and make an order accepting the same and directing the payment of the purchase money, if any, out of the county treasury." *Mansfield's Digest, secs.* 1407, 1069, 1092, 1095, 1096.

**1. COUNTY COURTS: Trust relation of, towards public property.** Under these laws the county courts are constituted the guardians of the property interests of their respective counties. "They occupy a position of trust," in that respect, "and in that relation are bound to the same measures of good faith toward the counties which is required of an ordinary trustee towards his *cestui que trust,* or an agent towards his principal." *Andrews v. Platt,* 44 *Cal.,* 317.

**2. SAME: Fraudulent lease of county property.** When this cause was here on appeal the first time this court said: "The bill alleges, in effect, that the county judge made an improvident, fraudulent, collusive and illegal lease to Baxter and Moore of the land donated by con-

gress to the county for public purposes; that the lease was a perversion of the purposes of the grant. If this be true, * * * * * the county had a demand against the lessees to have the lease revoked, and suit for that purpose might be brought under the statute, in the name of the state, for the use of the county."

The lease made by the county judge was ratified by the county court, the same judge presiding. But this does not alter the case. If the lease was the result of fraud participated in by the lessees it is void, and the ratification by the county court, the judge who made the lease presiding, could give it no additional force.

Was the lease fraudulent? It is a most remarkable lease, and bears upon its face the impress of fraud. The county court, while accepting the grant of congress, refused to use it for the purpose for which it was made, and leased the block granted to Baxter and Moore for the term of ninety-nine years. The lease amounts substantially to sale of the block for $1025. In the disposal made the county court totally disregarded the statute providing that the sale should be made by a commissioner, and limiting its power to the conveyance of the right, title, interest and estate of the county, and in the name of the county covenanted with Baxter and Moore that the county of Garland had a right to lease and demise the block in controversy for the term of ninety-nine years and that the county would "warrant and defend the lessees, their executors, administrators and assigns in the possession of the same and against all damages whatever that may accrue by reason of the lease or any act or acts of the lessor," and that the payment of the $1025 should be in full of all demands of whatever kind for rent or *assessment* of and on said block for the full and entire term of the lease. The covenant against assess-

ments was evidently intended as a contract on the part of the county that the land leased should be free and exempt from taxation for all county purposes for the ninety-nine years; and the effect of the lease, it valid, and it could be carried into execution according to its terms, would be to give the leased premises to the lessees for the term of the lease.    The covenants, it is true, are illegal, but in connection with the whole lease are evidence of its fraudulent character.

The block was not advertised for sale or lease.  The county judge, without any previous order of the court directing it to be sold or leased, offered privately to one person to lease it to him for six hundred dollars, and he refused to give it, after consulting with his attorney. He, the county judge, told Baxter he wished to lease it. Baxter requested him to find out what he could get for it, and let him know how much he was offered before he leased.  He offered it to as many as three other persons. The highest price offered was one thousand dollars.  He so informed Baxter, who then offered $1025, and he agreed to take it for a lease of ninety-nine years. Baxter and Moore then leased it for ninety-nine years, and the lease was executed, and the county court, afterwards, ratified it.   These irregularities go to strengthen the evidences of fraud.

The property leased was worth at least $5000 and the lease of it for ninty-nine years, at least $4000.   One witness testified that it was worth that, and a lease of it for ninety-nine years was worth one thousand dollars less. Baxter says he thought $1025 was a fair price for the lease and Moore says he thought $1000 as much as he could afford to give for it.   But they seem to have acted under the apprehension that the lease might not be valid and made their estimates accordingly.   In the exe-

cution of the lease they took covenants to secure them in the event they should fail to hold. They divided the block into nineteen lots and sublet fourteen and a half of them to many persons, and in each lease made by them only leased such interest as they had, and stipulated with their lessees that they should not be held liable for damages in the event they were dispossessed. In about one year after the execution of the lease by the county judge they leased seven of the fourteen and a half lots for $2275, and in about three and a half years leased the fourteen and a half lots for $6375, and still had four and a half lots left.

We think the lease executed by the county judge was a fraud upon the county of Garland, and for that reason should be set aside.

The lessees to whom Baxter and Moore leased, and their lessees, do not stand in the attitude of innocent purchasers. The evidences of their own titles was sufficient to put them upon notice of its invalidity. *Miller v. Fraley*, 23 *Ark.*, 735; *Gaines v. Saunders*, ante, 322.

Appellees should be severally charged with the rental value of such parts of the block as they have, respectively, had possession, for the time such possession continued, and should be credited with the value of improvements made before the county demanded possession or suit was instituted to cancel the lease. In charging the appellee with the rental value of the block, they should be charged with such rents and profits as it would have yielded without the improvements, and credited with the value of improvements at the time of their recovery for the use of the county. If anything be due any one of the appellees for improvements after deducting the rents for which he is charged, he should not be dispossessed until the amount so due is paid.

*Innocent purchaser.*

The appellees Baxter, and Moore, should be credited with so much of the $1025 as was paid to any officer of Garlane county authorized to receive the same, or was appropriated to the use and benefit of the county, *Summers v. Howard*, 33 *Ark.*, 490; *Grider v. Driver*, 46 *Ark.*, 117; *Shaw v. Hill*, 46 *Ark.*, 333.

The decree of the court below is, therefore, set aside, and this cause is remanded for decree and proceedings not inconsistent with this opinion.