BAXTER v. STATE.

Opinion delivered June 11, 1892.

*Improvements—Repairs pending suit.*

> Where a lessee under an invalid lease is entitled to recover the value of a house erected by him upon the leased premises, and the house is partially destroyed by fire pending a suit to cancel the lease, he may restore it to its undamaged condition, in order to preserve what the fire left, and recover the full value of the house as repaired.

Appeal from Garland Circuit Court.

JAMES B. WOOD, Judge.

The State brought suit for the use of Garland county against George W. Baxter, A. J. Walsh and others to cancel a lease of land belonging to the county. Upon a former appeal, *State* v. *Baxter*, 50 Ark. 447, the lease was adjudged invalid. This appeal was taken to determine the propriety of the disallowance by the court of certain improvements. The facts are stated in the opinion.

*Leatherman & Teague* for appellants.

*Chas. D. Greaves* and *J. P. Henderson* for appellee.

HEMINGWAY, J. Upon a former appeal in this case, *State* v. *Baxter*, 50 Ark. 447, the questions of law involved were settled, and directions for a re-trial given which the court observed in the second trial. This leaves for our determination matters arising from the facts.

Upon the abstract of the record furnished by counsel for the appellants, we cannot say that there was any error in the finding as to the facts except as to the amount to which appellant A. J. Walsh is entitled to allowance for improvements on the lots occupied by him. It seems to be conceded that, before the suit was brought, he in good faith built a house on the land which was worth on the day of trial $1,200 ; but the court held that he was not entitled to credit for $700 of this sum because the value was due to an expenditure incurred after the institution of the suit in repairing a damage occasioned by fire.

If a new house had been built, or unnecessary additions or changes had been made in the old one, Walsh could claim no allowance on account of any enlargement arising therefrom. But if the house for which the allowance is asked is substantially the same as that originally put there, we see no reason why he should not be allowed its full value at the time of the trial, in the fact that part of its value was due to necessary repairs made in the damaged structure, although they were made pending the suit. There is nothing to show that the house now there is not substantially the same as that originally built, or that any part of its present value is due to repairs or additions that were not necessary to the preservation or use of the damaged structure. It was of wood, cost originally more than was expended in repairs and more than its present value; it is fair to presume that if no repairs had been made it would soon have become valueless, and that the repairs were made to prevent such loss. If the county had recovered the land before the fire, he would have been entitled to the value of the undamaged structure; as no recovery was had until after the fire, he was still entitled to claim the value of the damaged house before surrendering the land, and if he restored it to its undamaged condition in order

to preserve what the fire left, he imposed no burden on the county that would not have rested upon it if the fire had not occurred, and did only what was necessary to protect his own interest. Without such repair, the damaged house would soon have become a valueless ruin; and we know of no principle of equity or fair dealing which demands that he should suffer this loss, or avert it at his own expense; provided, he imposed no burden on the county that was not necessary to his protection, and would not have rested on it if the fire had never occurred. If he desisted from the repair, what was left would be lost to him; if he made it, the county was where it would have been if the fire had never occurred. To deny him the value of the repaired structure would be inequitable and unjust, and we think he should have the allowance of the value reported by the master, to-wit, $1200, unless the value has diminished since the master reported, in which event he should have the value at the time of re-stating the account as herein directed.

The decree is affirmed as to all the appellants except Walsh; as to him it is reversed, and the cause will be remanded with directions to re-state the account as above indicated, and upon re-statement to enter a decree in accordance with the former opinion.