Little Rock Chamber of Commerce v. Pulaski County.

Opinion delivered June 22, 1914.

1. County property—Sale of real estate—Authority of county court.—The control and management of all county property is

placed in the county court, and the county court has authority to sell and to cause to be conveyed any real estate or personal property belonging to the county. (Page 441.)

2.  COUNTY PROPERTY—SALE OF REAL ESTATE—FRAUD—INADEQUATE CONSIDERATION.—The county court has authority to sell the property of the county, and nothing short of fraud, or such grossly inadequate consideration as will amount to fraud, will invalidate the order of the county court in directing a conveyance. (Page 442.)

3.  COUNTY PROPERTY—SALE OF REAL ESTATE—CONSIDERATION.—The consideration for the sale of county property may be something other than money, and the county court in exercising its power may determine what is to the best interests of the county. (Page 443.)

4.  SALES — CONSIDERATION—ADEQUACY—FRAUD.—Mere inadequacy of consideration is not sufficient to establish fraud. (Page 444.)

5.  COUNTY PROPERTY—SALE OF REAL ESTATE—CONSIDERATION—AUTHORITY OF COUNTY COURT.—The county court being clothed by statute with the authority to sell and dispose of county property not dedicated to a specific use, it may sell a tract of land belonging to the county and it may determine what consideration shall be accepted, and unless there is fraud shown, the judgment of the county court will not be disturbed. (Page 445.)

6.  COUNTY COURT—SALE OF REAL PROPERTY—CONSTITUTIONAL LIMITATION.—The right of the county court to order the sale of county property for such a consideration as it deems proper does not conflict with § 5, art. 12, Const. of 1874, which prohibits a county from becoming a stockholder in any corporation, and from loaning money or its credit to any corporation, etc. (Page 445.)

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Coleman & Lewis*, for appellant.

1.   The county court did have authority to transfer the land for the consideration named in the deed. Kirby's Digest, § 992; 50 Ark. 447.

2.   The mere fact that the county could have gotten more cash money from some other source does not render the transfer fraudulent. The disposition of real estate of the county is solely within the discretion of the county court. 73 S. E. 706; 11 Cyc. 462; 103 Ind. 306; 2 N. E. 544; 61 S. E. 23; 130 Ga. 23.

*Terry, Downie & Streepey,* for appellee.

1.   No question is raised as to the right to bring this suit.   73 Ark. 526; 2 Am. St. 89.

2.   No county judge can give away the county's property.   Kirby's Digest, § 992, contemplates a *sale.* . 50 Ark. 447-452; 29 S. W. 56; 2 Dill. Mun. Corp., § 578; 29 S. W. 549-553; 2 Am. St. 85-89.   The county judge exceeded his power; his action is *void.*

McCULLOCH, C. J.   Appellant is a domestic corporation organized by numerous citizens of the city of Little Rock for the purpose of encouraging public improvements of all kinds and assisting therein, and, particularly, in inducing the location in this city and county of factories and other business concerns.

The county of Pulaski owned a certain tract of land by purchase, and same was conveyed by a commissioner of the county court, under its orders, to appellant.   The land was unoccupied and not in use for county purposes. The deed recites a consideration of $1 "and benefits to accrue to said county from the expenditure by said Chamber of Commerce of the fund raised for industrial and development purposes for the above described land."

Appellant instituted this action to quiet its title, alleging, in substance, that it had accumulated large sums of money and property by gifts from citizens and property owners, and was expending the same for public benefit in inducing the location of factories and other business enterprises in Pulaski County; that it had thus induced certain large manufacturing plants to locate here, and thereby increase the population of the said county and the revenues from taxation.   It is alleged in the complaint that the benefit to be derived by the county from increased revenues will amount to more than the value of the property conveyed.   It is alleged that certain taxpayers are challenging the validity of the conveyance, and the aid of the court is asked in quieting the title.

The court sustained a demurrer to the complaint, and an appeal has been duly prosecuted.

Under the statutes of this State the control and management of all county property is placed in the county

court, and authority is conferred on that court "to sell and cause to be conveyed any real estate or personal property belonging to the county." Kirby's Digest, § 1375.

Another section of the statute reads as follows:

"The county court may, by an order to be entered on the minutes of said court, appoint a commissioner to sell and dispose of any real estate of the county, and the deed of such commissioner, under his hand, for and on behalf of such county, duly acknowledged and recorded, shall be sufficient, to all intents and purposes, to convey to the purchasers all the right, title, interest and estate whatever which the county may then have in and to the premises to be conveyed." Kirby's Digest, § 992.

The conveyance involved in this controversy was made pursuant to, and in strict compliance with, the terms of the statute above quoted. This conveyance is in the form of a sale, and the present attack relates only to the consideration.

It must be conceded that the statute confers abundant power upon the county court to sell and convey property of the county not held in trust for specific purposes.

The county court having the power to direct the sale, the consideration can only be inquired into for the purpose of establishing fraud. Now, there is no charge of fraud involved in this case, for the decision below turned upon the sufficiency of the allegations of the complaint.

Counsel for appellee rely upon the case of *State* v. *Baxter*, 50 Ark. 447, where the county court leased property of the county for a term of ninety-nine years for a grossly inadequate consideration. The lease was attacked for fraud, and this court held that the transaction was fraudulent upon its face, for the reason that the consideration was grossly inadequate, and, being without any other consideration, it stamped the transaction as a species of favoritism.

There is no element of favoritism or unfairness in the present case, for there is nothing to indicate, so far as the allegations of the complaint show, that the trans-

action was inspired by other than the best motives and purposes on the part of those who participated therein.

There is no limitation placed upon the county court, by statute or otherwise, in the exercise of its judgment as to the consideration upon which the disposition of the county's property must be based; therefore, nothing short of fraud, or such gross inadequacy as will be equivalent to fraud, is sufficient to invalidate the order of the county court directing the conveyance.

The consideration may be other than in money, and the county court, in exercising its power, may determine what is to the best interests of the county.

The case of *Roberts* v. *Northern Pacific Railroad Co.* 158 U. S. 1, is an instructive one. A county in the State of Wisconsin had donated certain lands to the railroad, the consideration being increased taxation. It was contended that, while the county court had the power of disposition over the lands belonging to the county, it could not make a donation to a railroad. The Supreme Court of the United States, in disposing of that contention, said:

"In the first place, the transaction between the county of Douglas and the Northern Pacific Railroad Company did not involve the exercise of the taxing power of the county. The county did not issue bonds, or seek to subject itself to any obligation to raise money by taxation. The case, as already stated, was that of a sale. The county authorities had ample powers to sell and convey such of its lands as were not used or dedicated to municipal purposes. * * * It is, indeed, urged that the county authorities could only sell its lands for money. We do not accede to this proposition. If they possessed the power to sell for money, we are pointed to no express provision of law that restricts them from selling for money's worth. * * * It is straining no principle of law or of good sense to regard the payment of an annual tax as equivalent, for the purpose of our present inquiry, to the payment of a rent. The amount, as well as the nature of the consideration received by the county in exchange for its lands, if it had the power to sell them, was

a matter that concerned the county only.    *    *    *    It may, perhaps, be said that what is forbidden is a resort to the taxing power where the municipality has received no consideration.  But, as we have shown, the county in the present case paid no money and issued no bonds requiring any exercise of the taxing power.  It was the case of a sale, in consideration of money paid down and to be paid in the form of taxes, in addition to the great advantages to inure to the public.''

Now, the principle involved in that case is the same as in this.  While the railroad company paid some money consideration, the main consideration was the increased revenues and the great advantages to inure to the public through the construction of the railroad.

If the county has the power to take the public advantage into consideration at all, it has the right to base the conveyance entirely upon that as the moving consideration.

The same principle is announced in the case of *Keatley* v. *County Court,* 70 W. Va. 267, where the county court, for a consideration of $5,000, attempted to convey a piece of property worth $12,000 to the United States Government for the purpose of erecting a public building thereon.  The court of appeals of that State decided that the county court had the right to take into consideration the other benefits to accrue, besides the actual money consideration.

So, in the present case, we are of the opinion that where the county court is by statute clothed with power to sell and dispose of the county property not dedicated to specific use, it may determine what consideration shall be accepted, and unless there is fraud shown, the judgment of the county court will not be disturbed.

Mere inadequacy of consideration is not sufficient to establish fraud.

Nor does this view conflict with the provision of the Constitution that ''No county, city, town or other municipal corporation, shall become a stockholder in any company, association or corporation, or obtain or appropriate

money for, or loan its credit to any corporation, associa-
tion, institution or individual." Const. 1874, § 5, art. 12.

The disposition of real estate owned by the county
is not an appropriation of money within the meaning of
the Constitution, nor, as was said by the Supreme Court
of the United States in the case cited above, is the tax-
ing power involved in any way in the transaction.

Our conclusion is that the allegations of the com-
plaint were sufficient, and that the conveyance made un-
der the order of the county court is valid, and that the
court erred in sustaining the demurrer. Reversed and
remanded with directions to overrule the demurrer.

KIRBY, J., dissents.