The Honorable Kent Ingram State Senator P.O. Box 1028 West Memphis, AR 72301
Dear Senator Ingram:
This is in response to your request for an opinion regarding a proposed ordinance and agreement between the City of West Memphis and the West Memphis Area Chamber of Commerce. The city would, under the proposed contractual agreement, make quarterly payments to the Chamber of Commerce in return for industrial and economic development services which are currently provided by the city's office of Economic Development.
You have asked, specifically, whether the city has the authority to contract with the local Chamber of Commerce in this regard, in light of the prohibition contained in Article 12, Section 3 of the Constitution of Arkansas, which states:
 No county, city, town or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual.
While this agreement may be subject to the contention that it is merely a subterfuge for accomplishing indirectly what is prohibited under Article 12, Section 5, this argument involves a factual question that is not within the scope of our review. As a general matter, it is my opinion that the city may contract for the provision of economic development services by a private organization and not necessarily run afoul of Article 12, Section 5.
In support of this proposition, it should be noted that industrial development has been recognized by the Arkansas Supreme Court as falling within the scope of "general county purpose[s]." Gordon v. Woodruff County, 217 Ark. 653,657, 232 S.W.2d 832 (1950); see also Little Rock Chamber of Commerce v. Pulaski County, 113 Ark. 439,168 S.W. 848 (1914). Thus, a county (or city) is justified in appropriating funds to governmental bodies formed for general public purposes including, it seems, industrial and economic development. Since cities may clearly contract for municipal purposes (A.C.A. 14-54-101), it may reasonably be concluded that a contract for these services will withstand scrutiny, so long as valid consideration under the contract can be demonstrated. See, e.g., Little Rock Chamber of Commerce v. Pulaski County, supra; Gordon v. Woodruff County, supra.
It should be recognized, finally, that the use of funds appropriated under the contract will also be subject to review under Article 12, Section 5. Paragraph 7 of the "Agreement for Economic Development Services" must be noted in this regard wherein it states: "This provision shall not be construed as prohibiting the expenditure of funds to entice present prospects of the Chamber." While the intent of this language is somewhat unclear, it should not be interpreted as permitting direct funding of such "prospects" with monies received under the contractual agreement. Such action would arguably be contrary to Article 12, Section 5.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.