The Honorable Jim Bob Steel Prosecuting Attorney Ninth Judicial District-West 219 North Main Street P.O. Box 548 Nashville, AR 71852
Dear Mr. Steel:
This is in response to your request for an opinion regarding the conveyance of real property from Sevier County to the City of DeQueen. You have set forth the underlying facts as follows:
 On or about December 31, 1991, an individual deeded four (4) lots in the original town of DeQueen to `Sevier County, Arkansas.' Since that time, funding has been raised by the City of DeQueen, and it is anticipated that a new library will be built upon the four (4) lots.
 As Sevier County will not have any control over the library and to ensure that it suffers no liability, it wishes to convey the lots to the City of DeQueen.
You note that you can find no procedure concerning the transfer of property (as a gift) from the county to the city, and your specific questions are as follows:
1. Can this be done?
2. If so, what is the procedure?
3. Who would be authorized to execute the deed?
4. Would an ordinance be required?
If it is presumed that the conveyance is to be made without any consideration, it is my opinion that the answer to your first question is "no." While the county clearly has authority to sell the property (see A.C.A. § 14-16-105) and may lease it to the city (A.C.A. § 14-16-109), my research has yielded no authority for a county's donation of property to a city. (Cf. Op. Att'y Gen. 92-022, copy enclosed, regarding conveyance of county property to a nonprofit corporation.) A donation, unsupported by any consideration, would in my opinion be subject to an illegal exaction challenge. See generally Ark. Const. art. 16, § 13.
It should perhaps be noted, with regard to the county's power to sell property, that conveyances have been upheld based upon consideration other than money. In Little Rock Chamber ofCommerce v. Pulaski County, 113 Ark. 439, 168 S.W. 848 (1914), the Arkansas Supreme Court held that the county could convey a tract of land to the Chamber of Commerce for one dollar "and benefits to accrue to said county from the expenditure by said Chamber of Commerce of the fund raised for industrial and development purposes. . . ." 113 Ark. at 441. The court noted that the county clearly had the authority to "sell" county property, and the only question was whether the consideration was so inadequate as to constitute fraud. The court noted that:
 There is no limitation placed upon the county court, by statute or otherwise, in the exercise of its judgment as to the consideration upon which the disposition of the county's property must be based; therefore, nothing short of fraud, or such gross inadequacy as will be the equivalent to fraud, is sufficient to invalidate the order of the county court directing the conveyance. The consideration may be in other than money, and the county court, in exercising its power, may determine what is to the best interests of the county. . . . Mere inadequacy of consideration is not sufficient to establish fraud.
113 Ark. at 443, 444. See also Op. Att'y Gen. No. 92-022
(county can convey nursing home property to private nonprofit corporation for adequate non-money consideration) and City ofBlytheville v. Parks, 221 Ark. 734, 255 S.W.2d 962 (1953) (holding that "public advantage" constituted consideration supporting the city's conveyance of land to the federal government because 1) there were many benefits which the city could receive in terms of increases in business and population and 2) the city included a reverter clause in the deed which required that the land be returned to the city if it ceased to be used for the purposes of the grant.)
Whether a particular transaction is supported by adequate consideration will, of course, depend upon the surrounding facts.See Ops. Att'y Gen. 92-022 and 93-070. The consideration is not required, however, to be in the form of money and depending upon the facts, may in this instance be exhibited by "public advantage" flowing to county residents by virtue of their access to the new library. The county may wish to explore this possibility with the advice of its local counsel.
The general procedure to be followed in selling county property is set forth in A.C.A. § 14-16-105 (1987, Cum. Supp. 1991, and Act 732 of 1993). The property is sold by the county judge. A.C.A. § 14-16-105(e). Competitive bidding is not required where the property to be sold is "dedicated for the benefit of any lawfully incorporated, quasi-public, nonprofit, nonsectarian organizations. . . ." A.C.A. § 14-16-107 (1987). This Code section is discussed in Opinion 92-022, a copy of which is enclosed for your review.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh