The Honorable Steve Bell State Senator 500 East Main, Suite 208 Batesville, Arkansas 72501-4662
Dear Senator Bell:
This official Attorney General opinion is issued in response to your recent questions, presented on behalf of the Gateway Technical College, regarding property owned by the College.
The circumstances about which the College is concerned are as follows:
In 1973, certain property was deeded to the State Board of Vocational Education for the development of Gateway Vocational-Technical School. In 1991, Act 1244 converted the Gateway Vocational-Technical School to a technical college, and designated the State Board of Higher Education as the receiver of all property for the institution. The Act further provided that upon appointment of a local board of trustees for the institution, all property of the institution was to be transferred to the local board. The local board of trustees for the Gateway Technical College was appointed and sworn into office in November of 1991. No action has been taken to effectuate the transfer of the college's property to the local board.
With regard to the above-described scenario, you have presented the following questions:
 (1) What steps need to be taken in order to get a deed on record reflecting the Gateway Technical College as the owner of the property?
 (2) Does the Gateway Technical College Board of Trustees have the authority to approve the deeding of a small portion of property to an adjoining business?
RESPONSE
Question 1 — What steps need to be taken in order to get a deed on recordreflecting the Gateway Technical College as the owner of the property?
It is my opinion that there are two methods by which the Gateway Technical College can get a deed on record reflecting the College as the owner of the property: (1) The State Board of Vocational Education can execute a "quitclaim deed" transferring the property to the College; and (2) The College can initiate a "quiet title action."
Quitclaim Deed
The least cumbersome of the two methods would be for the State Board of Vocational Education to execute a quitclaim deed to the College. By means of this document, the State Board would relinquish all claim to the property and would transfer all such claim to the College. Smith v. OlinIndustries, 224 Ark. 606, 275 S.W.2d 439 (1955). The quitclaim deed could then be placed on record and would reflect the College as the owner of the property.
The advantage to the College of choosing the quitclaim deed method would be its simplicity. The disadvantage would be that any other parties who might claim an interest in the property could subsequently assert such interest.
Quiet Title Action
The College could also get a deed on record reflecting the College as the owner of the property by initiating a "quiet title" action in chancery court, pursuant to the provisions of A.C.A. § 18-60-501 et seq. Section 501 of that set of statutes states:
 Any person claiming to own land that is wild or improved or land that is in the actual possession of himself, or those claiming under him, may have his title to the land confirmed and quieted by proceeding in the manner provided in this subchapter.
A.C.A. § 18-60-501.
The subchapter goes on to set forth various procedural requirements for an action of this nature, such as the contents of the petition, A.C.A. §18-60-502(a), the parties who must be notified and summoned, A.C.A. §18-60-502(b), the notice requirements, A.C.A. § 18-60-503, and the degree and form of proof that should be presented, A.C.A. § 18-60-505 and -506.
If the College complies with the requirements of these statutes and presents satisfactory proof of its claim to the title of the property in question, the court will enter a decree quieting title to the property in the College, and the court's decree will be entered on the county's record of deeds. A.C.A. § 18-60-509.
The advantage to the College of choosing the "quiet title" method of obtaining a deed would be its ability to foreclose future claims to the property. The disadvantage would be its relative complexity (as compared with the quitclaim deed method).
Question 2 — Does the Gateway Technical College Board of Trustees havethe authority to approve the deeding of a small portion of property to anadjoining business?
It is my opinion that the Gateway Technical College Board of Trustees has the authority to approve the deeding of any property to which the College has title. The local boards of technical colleges are specifically empowered by the provisions of A.C.A. § 6-53-302 [Acts 1991, No. 1244, § 17], to transfer property. That statute states:
 (a) Each technical college established or operated under this chapter shall be governed by a local board of trustees consisting of seven (7) members who shall be appointed by the Governor and subject to the confirmation of the Senate.
* * *
(f) The powers and duties of the local board shall be as follows:
 (1) To acquire, hold, and transfer real and personal property, to enter into contracts, to institute and defend legal actions and suits, and to exercise such other rights and privileges as may be necessary for the management and administration of the technical college. . . .
A.C.A. § 6-53-302(a) and (f)(1).
On the basis of the above-quoted explicit authority that is granted to the local boards of technical colleges, I must conclude that the Board of Trustees of the Gateway Technical College has the authority to approve the deeding of any property owned by the College.
However, it should be noted that any transfer of property by the College must be supported by adequate consideration. Otherwise, because the property is public property, the transfer could give rise to a legal challenge.
For example, a taxpayer might challenge the transfer on the grounds that it constitutes an inappropriate use of tax funds in violation of Article16, § 11 of the Arkansas Constitution, or that it constitutes an illegal exaction in violation of Article 16, § 13 of the Arkansas Constitution. However, where the transfer was carried out pursuant to statutory authority, a challenge of this nature would be difficult to sustain in the absence of a showing that the consideration for the transfer was so inadequate as to constitute fraud. See Little Rock Chamber of Commercev. Pulaski County, 113 Ark. 439, 168 S.W. 848 (1914); Ops. Att'y Gen. Nos. 94-168; 93-070; 92-022.
In addition, it should be noted that all transfers of lands owned by state institutions must be executed in accordance with the procedures set forth in A.C.A. § 22-6-601.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh