The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District Miller County Courthouse Fourth Laurel Streets, Room 6 Texarkana, AR 71854
Dear Mr. Haltom:
This is in response to Deputy Prosecuting Attorney John K. Griffin's request for an opinion on the following question regarding Act 1248 of 1999 (codified as A.C.A. § 14-16-116 (Supp. 1999):
 Where a county wishes to exchange properties between itself and municipalities within the county, must each transaction involve an exchange of like properties, or, may a county convey tangible property to a municipality in return for the municipality's promise to allow the county use of the property in the future, should such need arise?
RESPONSE
It is my opinion that in order for a transaction to fall within A.C.A. §14-16-116, there must be an exchange of properties, either real or personal, and that the transaction in your hypothetical involving the conveyance of property in return for a promise to allow future use of the property would likely be viewed as a sale rather than an exchange of properties as contemplated under § 14-16-116.
This conclusion follows, in my opinion, from the plain language of this Code section, which states:
 Counties are authorized to exchange properties, real or personal, with other counties or with municipalities. Provided, any such exchange shall be approved by ordinances of the quorum court and shall be accomplished in accordance with procedures prescribed by the quorum court.
A.C.A. § 14-16-116 (Supp. 1999) (emphasis added).
The plain language of this provision admits of no other construction. There must, in my opinion, be an exchange of "properties." The transaction posited in your question involving the county's conveyance of tangible property in return for a promise simply does not, in my opinion, constitute an exchange of properties as authorized under §14-16-116. This is not to say that such a transaction would be unlawful. It is simply my opinion that § 14-16-116 would not provide the authority for such a transaction.
The question of whether the transaction would otherwise be legal would require separate review, based upon all of the surrounding facts and circumstances. It should perhaps be noted in this regard that while there appears to be no authority for a county's donation of property to a city (cf. Op. Att'y Gen. 93-211), in the case of a sale of county property conveyances have been upheld based upon consideration other than money.See, e.g., Blytheville v. Parks, 221 Ark. 734, 255 S.W.2d 962 (1953) andLittle Rock Chamber of Commerce v. Pulaski County, 113 Ark. 439,168 S.W. 848 (1914). The sufficiency of consideration for a sale of county property is a question of fact. See, e.g., Op. Att'y Gen. Nos. 94-168, 93-211, and 92-022. The general procedure to be followed in selling county property is set forth in A.C.A. § 14-16-105 (Repl. 1998). Seealso generallyState ex re. Miller County v. Eason, 219 Ark. 36,240 S.W.2d 36 (1951).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh