The Honorable Karen S. Hopper State Representative Post Office Box 864 Mountain Home, AR 72654-0864
Dear Representative Hopper:
I am writing in response to your request for my opinion on the following questions:
 1. According to the lease agreement between Freeman Holdings of Arkansas, L.L.C. and Baxter County, Arkansas, county property will be leased for "no rent" for thirty (or more) years with no requirement that the lessee make specific improvements or provide other reasonable payments. Is this either a conveyance of county property without adequate consideration or a donation, either of which could be unconstitutional?
 2. In light of Op. Att'y Gen. 2009-024, along with other considerations, does a county judge have the authority to execute an agreement leasing the county's airport property independent of the county's aviation board, without the board's concurrence and in opposition to the board's action?
The lease agreement attached to your request recites that Freeman Holdings of Arkansas ("Freeman") has entered into a contract with Mountain Home Flight Services, Inc. to purchase a hangar and office building located in Baxter County *Page 2 
on property owned by the county within the Ozark Regional Airport. This contract is subject to the condition that Baxter County grant Freeman a thirty-year, renewable lease on the realty containing the buildings.
RESPONSE
Not being a finder of fact, I cannot answer your first question, which directly seeks my opinion regarding the adequacy of consideration supporting a contract. I will note, however, that the lease agreement does impose on Freeman certain obligations that would appear to constitute consideration. In my opinion, the answer to your second question is, in all likelihood, "yes." Arkansas Constitution Amendment 55, § 3 invests the county judge with custody of county property. Case law supports the proposition that custody entails the power to lease county realty. Any legislative effort to restrict this constitutional power by locating it exclusively in another entity might be subject to challenge.
Question 1: According to the lease agreement between FreemanHoldings of Arkansas, L.L.C. and Baxter County, Arkansas, countyproperty will be leased for "no rent" for thirty (or more) yearswith no requirement that the lessee make specific improvements orprovide other reasonable payments. Is this either a conveyance ofcounty property without adequate consideration or a donation, eitherof which could be unconstitutional?
I cannot answer this question without being apprised of the specific terms of the arrangement between the contracting parties. I question, however, your suggestion that the contract you have attached to your request indeed contains "no requirement that the lessee make specific improvements or provide other reasonable payments." The interpretation of this or any other contract is outside the scope of an opinion from this office. I will note, however, that the lease agreement does impose certain obligations that would appear to constitute consideration.
The lease agreement provides in pertinent part:
 1. The County does hereby grant a lease on the property identified on the Attached Exhibit A over and unto Freeman Holdings of Arkansas, L.L.C. for a term of thirty (30) years beginning on the date of closing of the sale to Freeman Holdings of Arkansas, L.L.C. *Page 3 
 2. It is understood and agreed that Freeman Holdings of Arkansas, L.L.C. shall conduct capital improvements on the premises, including repair and refurbishing the office and hangar, and that upon the termination of said lease, said improvements shall remain with the premises and become property of Baxter County.
 3. It is understood and agreed between the County and Freeman that fee simple title to all real property and improvements thereon remain in Baxter County subject to this lease. In consideration of the initial investments made by Lessee and improvements to be made by Freeman, no rent shall be paid for the term. The Lessee shall have an option to renew for another thirty years upon expiration of the first term. The terms for the second thirty years shall be reasonable and negotiated prior to the expiration of the first term of years. It is understood and agreed that during the term of the lease, the lease is the property of Freeman Holdings of Arkansas, L.L.C. and may be sold by Freeman, without any claim to the proceeds by Baxter County.
In my opinion, these sections suggest that, notwithstanding the absence of any rent obligation for the first thirty-year term, this agreement is supported by consideration. Section 2 of the lease agreement expressly obligates Freeman to "conduct capital improvements on the property, including repair and refurbishing the office and hangar." This section further provides that upon expiration of the lease, the referenced improvements "shall remain with the premises and become property of Baxter County."[1]
Freeman is thus apparently obligating itself to buy property that it will maintain over a term of years, presumably to the benefit of Baxter County, and at some point — most likely upon termination of the lease, see note 1 supra — to convey "improvements" to Baxter County.[2] These provisions *Page 4 
clearly constitute consideration flowing to Baxter County. Whether this consideration is adequate given the specific circumstances is a factual question I am neither authorized nor equipped to address. I can do no more than note that if a finder of fact were to determine that the consideration would be inadequate, the agreement could be subject to challenge as an illegal exaction in derogation of Ark. Const. art. 16, § 13.
Question 2: In light of Op. Att'y Gen. 2009-024, along withother considerations, does a county judge have the authority toexecute an agreement leasing the county's airport propertyindependent of the county's aviation board, without the board'sconcurrence and in opposition to the board's action?
I will note initially that a definitive analysis of this question would turn upon a consideration of the particular circumstances attending the lease. Not being a finder of fact, I am unable to conduct any such analysis. I can, however, set forth certain general propositions of law that would appear to bear on your question.
As I noted in Op. Att'y Gen. No. 2009-024, which you reference in your request:
 The authority of county airport commissioners is set forth in A.C.A. § 14-357-105 (1987), which provides in pertinent part:
 (a)(1) The commissioners appointed under this chapter shall have full and complete authority to manage, operate, improve, extend, and maintain the airport and its related properties and facilities.
 (2) The commissioners shall have full and complete charge of the airport and its related properties and facilities including, without limitation, the right to:
 * * * (B) Contract; . . .
 * * * *Page 5 (b) It is the intention of this chapter to vest in the commissioners unlimited authority to operate, manage, maintain, improve, and extend the county-owned airport and to have full and complete charge of it. However, the commissioners shall not have authority or power to sell, mortgage, or encumber the airport and its related properties and facilities.
Subsection (a)(2)(B) vests in the commissioners the exclusive right to contract regarding the airport's operations.
In my opinion the upshot of this statute is clear: the legislature has assigned the airport commission authority over airport management and operations.
Left unaddressed, however, is the effect of the county judge's "custody" of county property pursuant to Ark. Const. amend. 55, § 3, which might vest in him a supervening authority independently to lease county-owned airport property.See also A.C.A. § 14-14-1102(a) (Supp. 2009) (acknowledging the county judge's custody of county property in his executive capacity). In Pogue v. Cooper,284 Ark. 105, 107, 679 S.W.2d 207 (1984), the Arkansas Supreme Court addressed this question as follows:
 Amendment 55, 3 gives the county judge, among other powers and duties, custody of county property. Before the adoption of Amendment 55, the county court had custody of county property. Ark. Const. Art. 7, 28; former Ark. Stat. Ann. 22-601 (Repl. 1962). . . . Appellant argues that "custody" of the county property includes the power to lease it and contract for its use on private projects.
 Amendment 55 did not change the law on this subject. We recognize that the county court, prior to the adoption of Amendment 55, had the power to lease real county property to private interests. Chamber of Commerce v. Pulaski County, 113 Ark. 439, 168 S.W. 848 (1914); State v. Baxter, 50 Ark. 447, 8 S.W. 188 (1887). However, the letting of the county's personal property is a qualitatively different matter. Personal property is much more likely to be depleted or destroyed than real property, and thus an illegal exaction is much more likely to occur. *Page 6 
The court, then, has acknowledged that a county judge may lease county-owned realty to private interests, although that same power does not extend to personalty.[3] See Op. Att'y Gen. No. 2007-193 (discussing this distinction). The transfer of custody of county property from the county court to the county judge pursuant to Amendment 55 thus appears to have vested in the county judge constitutional authority to lease county-owned real property, notwithstanding what may be read as a contrary statutory authority assigned exclusively to an airport commission.
Having offered this opinion, I must note that a statute is presumed constitutional, and that the burden of proving otherwise is on the challenger of the statute. Ford v. Keith,338 Ark. 487, 996 S.W.2d 20 (1999); ACW, Inc. v. Weiss,329 Ark. 302, 947 S.W.2d 770 (1997).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] The suggestion in Section 3 that fee simple title to "improvements," presumably including the hangar and office building, will "remain in Baxter County" seems inconsistent with the provision in Section 2 that the improvements will become property of Baxter County only upon expiration of the lease. It is further confusing that the agreement refers only to a conveyance of the "improvements," rather than to the existing structures and the improvements thereto.
[2] The agreement is unaccountably silent regarding the consequences should Freeman elect to sell its leasehold rights during the term of the lease, as it is authorized to do under Section 3. Presumably, the purchaser's obligations to Baxter County would be the same as Freeman's were.
[3] The issues raised by your question differ from those raised in Op. Att'y Gen. No. 2009-024, in which I opined, inter alia, that it was impermissible for a county judge to direct an airport commission to incur debt secured by airport property. The question of whether a county judge can lease airport property is totally distinct.