A. J. DARNELL, Complainant - Appellant,

*v.*

COUNTY OF MONTGOMERY et al., Defendants-Appellees.

(*Nashville,* December Term, 1956.)

Opinion filed December 6, 1957.

James C. Cunningham, Clarksville, for appellant.

Waller, Davis & Lansden, J. Paschall Davis, Nashville, for the Trane Co.

Allison B. Humphreys, Solicitor General for George F. McCanless, Attorney General.

J. Thomas Traughber, Clarksville, for Montgomery County.

Mr. Justice Swepston delivered the opinion of the Court.

T.C.A. sec. 5-715 extends to counties the same powers as are conferred upon municipalities by T.C.A. sec. 6-1701 et seq. with reference to acquisition, operation and disposition of industrial buildings and the financing of same.

Acting under the authority of said statutes and according to the terms thereof, Montgomery County has, pursuant to a special election authorizing the contract herein mentioned by a vote of 6,045 for and 51 against, followed by a proper resolution of the Quarterly County Court of said County authorizing the issuance of bonds herein referred to, entered into a contract with the Trane Company in substance as follows:

The Trane Company will erect an industrial building on land acquired by it from the Chamber of Commerce of said County and will convey the same to Montgomery County. The said County will issue $1,500,000 of bonds in accordance with said statutes, which will be purchased by the Trane Company and the proceeds of which will be used to pay it for the said building and land on which it is situated. The Trane Company will then lease from the County the building for a term of 15 years at a rental sufficient to pay the interest on and to amortize the principal of the bonds; and an option is granted to the Trane Company to purchase the leased premises at any time within the last 10 years of the lease at a price equivalent to the aggregate principal amount remaining at the time outstanding and unpaid on said bonds, together with all interest and charges required to be paid on calling the bonds, plus $1,000.

This suit is filed by A. J. Darnell as a taxpayer seeking to enjoin the consummation of this proposed transaction and to have the same declared invalid for the alleged reasons that (1) it is unauthorized by statute, (2) it violates the Constitution of the State in that (a) it attempts to grant to the Trane Company an exemption

from State and County property taxes in violation of Art. II, Sections 28 and 29 of said Constitution and (b) attempts to extend the credit of the County to a private corporation and authorize the expenditure of public funds and the disposition of public property for a private purpose in violation of Art. II, Section 29 of said Constitution; (3) because the proposed grant of an option to purchase the building at any time within the last 10 years of the term of the lease is an invalid restriction on the right of the County to sell its own property at the best price obtainable and is against public policy.

All defendant demurred to the original bill. The Attorney General demurred on the ground that the alleged unconstitutionality is not pointed out with sufficient particularity. Montgomery County demurred on several grounds in substance that the resolution, the contract and the lease as well as the entire transaction is valid and in accordance with said statutes and that the latter are not unconstitutional. The Trane Company demurred for the same reasons and for the additional reason that the exemption from taxation of the property purchased by Montgomery County and leased to the Trane Company is valid and not unconstitutional.

██ The first assignment of error to the action of the Chancellor in sustaining the demurrers is that T.C.A. sec. 5-715 in attempting to extend to counties the same power that is granted to cities to issue industrial revenue bonds is unconstitutional. No authority for this position is cited and since there are no relevant differences between counties and municipalities, we think the Act in respect to counties must be upheld for the same reason

that the Act in respect to cities was upheld in *Holly v. City of Elizabethton,* 193 Tenn. 46, 241 S.W.2d 1001.

■ The third assignment of error to the effect that the entire transaction was violative of Art. II, Sections 28 and 29 must be overruled on the authority of the above cited Holly case.

The second assignment is that the resolution of the county court is a mere subterfuge for the purpose of granting the Trane Company an exemption of taxes for the 15-year period of the lease and it is said that the same is unauthorized under said statutes. This assignment must be overruled because the statutes expressly authorize the leasing of this kind of property by the County and Art. II, Section 28 of the Constitution of this State expressly exempts property held by State, Counties, cities or towns which is used exclusively for public or corporate purposes. The Holly case, *supra,* also settles the point that this is a public purpose. See 193 Tenn. at page 54, 241 S.W.2d at page 1005.

■ The last assignment of error is that the lease is either invalid and unauthorized by T.C.A. sec. 5-715 or, if valid, it renders the entire transaction distinguishable from that which was upheld in the Holly case, *supra.*

It is true that in the Holly case the building continued after the expiration of the lease to be the property of the municipality, where as in the instant case the lease contains an irrevocable option for the lessee to purchase the property at any time during the last 10 years of the 15-year lease, upon payment of all the balance of bonds and interest, i.e., rent as defined by the lease contract, plus an additional sum of $1,000. The statutes, however, ex-

pressly authorize the municipality or the County to sell and convey such industrial building, T.C.A. sec. 6-1704 (6), and even though under the contract the option can not be exercised by the lessee until after the lapse of approximately the first 5 years and may be exercised at any time within the full period of 15 years, yet, if and when, said option shall be exercised, it will be a part of the contract and of the consideration for the contract existing *ab initio,* and not a contract arising subsequent to the lease contract.

Therefore, the complaint that the nominal additional sum of $1,000 in the event the lessee purchases the property is merely a token or inadequate consideration, is not justified, by reason of what has just been said and especially in view of the fact that the lessee is obligated during the term of the lease to pay all taxes that might be levied upon the property by any taxing authority, lawfully of course; to make all necessary repairs and replacements, to keep in force and pay for all insurance; to make alterations at its own expense; to indemnify and save harmless the lessor from all claims for death or injury to the person or damage to the property of others resulting from wrongful or negligent acts of the lessee, or its agents and servants about the leased premises and finally that in the event of damage to or destruction of the building or the taking by condemnation in whole or in part by any competent authority, there shall be no abatement or reduction in the rent payable to the lessor, except that in lieu of the obligation to repair or restore or reconstruct the building, the lessee may pay in advance all unpaid installments of rent due under the lease and the lease shall cease and determine.

It is, therefore, apparent that the consideration moving to the County from the lessee is more than just the rent and interest due plus the $1,000 in the event the option to purchase is exercised. This point is fully discussed in *Newberry v. City of Andalusia*, 257 Ala. 49, 57 So.2d 629; and *Village of Deming v. Hosdreg Co.*, 62 N.M. 18, 303 P.2d 920.

The decree below is affirmed with costs as adjudged by the Chancellor.