S. R. DUMAS, Individually and as
A Representative of all Taxpayers of
Union County *v.* Carlton JERRY
County Judge, et al

74-354                          521 S.W. 2d 539

Opinion delivered April 21, 1975

*Brown, Compton & Prewett,* by: *William I. Prewett,* for appellant.

*Beryl Anthony Jr.,* for appellee Carlton Jerry; *Mahony* and *Yocum,* for appellee El Dorado Ind. Dev. Corp. and *Shackleford, Shackleford* and *Phillips,* for appellee Grace Smith. *Amicus Curiae Herschel H. Friday* for State Ind. Dev. Dept.

JOHN A. FOGLEMAN, Justice. The only question presented on this appeal is the applicability of Ark. Stat. Ann. § 17-304 et seq (Repl. 1968) to a lease, with option to purchase, of property deeded to Union County, Arkansas. We hold that these sections do not apply under the circumstances and affirm the decree of the chancery court.

American Oil Company owned approximately 450 acres of land in Union county upon which it operated a refinery. It decided to close that refinery and sought to make a donation of all of the real property and some personal property in order that it might be used to help alleviate the impact of the loss of more than 280 jobs and several million dollars in annual payroll which would result from the closing. After numerous conferences and negotiations, the company decided to give the property to Union county. On December 21, 1971 an official of the company wrote County Judge Carlton Jerry a

letter stating the intention of the company to donate the property to Union county for expansion of its industrial development program. Again on March 29 the company advised by letter that specific property was to be donated to the county for its industrial development program.

An instrument denominated "Trust Agreement" was executed on August 17, 1971 appointing the El Dorado Industrial Development Corporation (EIDC) as agent for the county to make negotiations for, and accept donations, to the use and benefit of Union County, for industrial purposes. In the preamble, reference was made to the proposed donation by American Oil Company to be used solely for industrial development and expansion purposes. EIDC was authorized, subject to final approval by the Union county court, to accept donations in the name of Union county to be used for industrial purposes and to manage, develop, redevelop, sell or exchange, the property and to take other such action required to utilize it for industrial purposes. It was specifically provided that title to all property so accepted should vest in Union county.

By deed dated July 20, 1973, American Oil Company conveyed the land, with buildings thereon, and some personal property to Union county. No restriction on the use of the property was expressed in the deed.

On August 1, 1973 the county and EIDC leased approximately 150 acres of the property to Grace M. Smith for a primary term of seven years at an annual rental of $40,000. The lease referred to the authority of EIDC conferred by the Trust Agreement. It contained an option for renewal of the lease for three successive seven year terms and an option to purchase the property for $800,000 after the expiration of the primary term. No restriction as to use of the property was contained in the lease.

Mrs. Smith entered into possession of the property and commenced efforts to obtain industrial development of the property.

. Appellant S. R. Dumas filed this taxpayers' action to set

aside the lease agreement and option to purchase, contending that it was void and invalid for failure to comply with Ark. Stat. Ann. §§ 17-304-309 (Repl. 1968). After trial, the chancery court entered its decree dismissing the complaint of appellant and quieting and confirming the title of Grace Smith under the lease against any claims of appellant, individually and as a representative of the taxpayers of the county.

The letters to the county judge relating to the donation of the property had pointed out that the property would be conveyed by a quitclaim deed only and that the county's acceptance of the donations would be contingent upon receipt of proper deeds and abstracts. The property was conveyed by a quitclaim deed.

The lease agreement was submitted to the county court of Union county and approved by formal order spread on the records of the court. The county judge joined in the execution of the lease on behalf of Union county. Prior to his execution of the lease he did not enter any order directing the county assessor to cause the property to be appraised as required by Ark. Stat. Ann. § 17-305 and did not give notice of the lease agreement by publication in a newspaper and did not require or receive any sealed bids under the provisions of Ark. Stat. Ann. § 17-308. Under the provisions of Ark. Stat. Ann. § 17-309, any sale or conveyance of real or personal property belonging to any county not made pursuant to the terms of the act (Act 193 of 1945), is null and void and any taxpayer may bring an action for the use and benefit of the county to cancel any such sale.

Mrs. Smith is the sole proprietress of Benton Iron & Metal Co. She had purchased some equipment from American Oil Company and testified that she was interested in the lease in order to save some of this equipment and promote industry. She testified that she had entered into a contract with Interstate Development Consultants to assist her in deciding what types of industries should be located on the property. She had advertised in the Wall Street Journal, the El Dorado Daily News and the Camden News in efforts to obtain new industry for the area. She had leased 45 fuel tanks

on the property to 15 industrial concerns and had leased portions of the property to industrial employers. She was conducting negotiations with others. She testified that she would not lease any portion of the property to anyone for anythng other than industrial purposes.

We agree with appellees and the trial court that the sections of the statute relied upon by appellant do not apply under the existing circumstances. As we view the transaction, it was made pursuant to Ark. Stat. Ann. § 9-504 et seq (Act 404 of 1955) [Repl. 1956] and Ark. Stat. Ann. § 13-1601 et seq (Act 9 of the Extraordinary Session of 1960) [Repl. 1968]. The first act authorized the formation of the commissions like EIDC and conferred power upon them to act for and on behalf of the counties in order to effectuate industrial development. The county was authorized by Ark. Stat. Ann. § 13-1602 (Repl. 1968), being § 2 of Act 9 of 1960, to own, acquire, sell, lease, contract concerning, or otherwise deal in or dispose of any land, buildings, or facilities of any and every nature whatever that could be used in securing or developing industry within or near the county. Under that act the word "sell", insofar as pertinent here, means to sell for such price, in such manner and upon such terms as the county shall determine, including private or public sale, for cash or credit payable in a lump sum or in installments over such period as the county shall determine. Ark. Stat. Ann. § 13-1612 (e) [Repl. 1968]. Under the same act, "lease" means to lease for such rentals for such period or periods and upon such terms and conditions as the county shall determine, including the granting of such renewal or extension options for such rentals, for such period or periods and upon such terms and conditions as the county shall determine and the granting of such purchase options for such prices and upon such terms and conditions as the county shall determine. Ark. Stat. Ann. § 13-1612 (f) [Supp. 1973].

The provisions of the act of 1960 above referred to are in irreconcilable conflict with Act 193 of 1945 (Ark. Stat. Ann. § 17-304 et seq). Since the act of 1960 was the later of the two statutes, these provisions operate as a repeal of the earlier act in cases coming within the purview of the later act. This construction can hardly be questioned in view of § 2 of Act 208 of

1971 [Ark. Stat. Ann. § 13-1615 (Supp. 1973).] It reads:

13-1615. Liberal construction — Compliance with other laws. — Act No. 9 [§§ 13-1601 - 13-1614] of the First Extraordinary Session of the State of Arkansas for the year 1960, approved January 21, 1960, as amended hereby, shall be liberally construed to accomplish the intent and purposes thereof and shall be the sole authority required for the accomplishment of such purposes. To this end, it shall not be necessary to comply with general provisions of other laws dealing with public facilities, their acquisition, construction, leasing, encumbering or disposition. [Acts 1971, No. 208, § 2, p. 463].

The decree is affirmed.