Tommy MARONEY, A Taxpayer *v.*
UNIVERSAL LEASING CORPORATION et al

77-215                                    562 S.W. 2d 77

Opinion delivered March 6, 1978
(Division I)

*James C. Cole*, for appellant.

*Hall, Tucker, Lovell & Alsobrook*, for appellees.

GEORGE ROSE SMITH, Justice. This taxpayer's action seeks a declaratory judgment declaring that a certain 12.5-acre tract of land is still owned by Hot Spring county, despite the county's purported conveyance of the land in 1972. The two defendants demurred to the complaint, on the ground that the suit was barred by limitations. This appeal is from an order sustaining the demurrer and dismissing the complaint.

The complaint alleges that in 1972 the county judge and the county clerk, without any order having been made by the county court, executed a deed purporting to convey the tract to the defendant Athelone S. Williams, for so long as the property should be used for industrial purposes. In 1974 the grantee in turn conveyed the property to her codefendant, Universal Leasing Corporation. The complaint alleges that the 1972 conveyance was void and that the land is still owned by the county. The demurrer raises the defense that the complaint was not filed until 1977.

The demurrer should have been overruled. The Constitution vests exclusive jurisdiction over county property in the county court. Ark. Const., Art. 7, § 28 (1874). We have repeatedly held that the county judge has no authority to make contracts for the county without the approval or ratification of the county court. *Needham v. Garner, County Judge*, 233 Ark. 1006, 350 S.W. 2d 194 (1961); *Watts & Sanders v. Myatt, County Treasurer*, 216 Ark. 660, 226 S.W. 2d

800 (1950); *Lyons Machinery Co.* v. *Pike County*, 192 Ark. 531, 93 S.W. 2d 130 (1936).

The appellees insist, however, that under Act 193 of 1945 this suit should have been brought within two years after the execution of the 1972 deed. Ark. Stat. Ann. §§ 17-304 *et seq.* (Repl. 1968). That statute authorized the county court (not the county judge) to convey county property after an appraisal of its value. Section 6 of Act 193, relied upon by the appellees, provides that any conveyance not made pursuant to the terms of the act may be canceled in a taxpayer's suit brought within two years after the sale of the county property. § 17-309.

The two-year limitation, which is curative in nature, cannot be given effect in the situation now presented. No doubt such a curative provision could remedy, after the lapse of two years, a mere procedural defect such as an irregularity in the appraisal of the property. But here the deed was void from the outset, for want of constitutional power in the county judge to execute it. Inasmuch as the legislature could not in the first instance have authorized the county judge to execute a valid deed to the property, it could not achieve the same result by a curative act. *Simpson* v. *Teftler*, 176 Ark. 1093, 5 S.W. 2d 350 (1928).

Reversed, the demurrer to be overruled.

We agree. HARRIS, C.J., and HICKMAN and HOWARD, JJ.