The Honorable Lonnie P. Clark State Representative P.O. Box 307 Berryville, AR 72616
Dear Representative Clark:
This is in response to your request for an opinion on several questions concerning the lease of county owned real property. Specifically, you have asked the following questions:
 1) Who is authorized to make long term (forty year) leases of county owned real property to private corporations?
 2) Can an elected county judge make long term commercial leases of county owned real property to private corporations?
 3) What mechanisms must be established in order for counties to make long term commercial leases of county real property?
 4) If a county judge cannot legally enter into such a contract, but has already done so, what if the legal status of the lease?
Additionally, you have enclosed a copy of a proposed lease of Newton County property to the Atkina Corporation of California, and seek my review of certain ambiguous provisions contained therein.
It is my opinion, in response to your first question, that the county judge is authorized to execute such leases on behalf of the county. Such authority is granted by Amendment 55 to the Arkansas Constitution which provides in section 3 that the county judge shall have custody of county property. Prior to the adoption of Amendment 55, authority was granted to the county court. (Arkansas Constitution Art. 7, 28, and Pogue v. Cooper, 284 Ark. 105,679 S.W.2d 207 (1984).
In addition, the legislature in Act 742 of 1977, (the enabling legislation to Amendment 55), has granted the county judge this authority. A.C.A. 14-14-1102(3) provides:
 CUSTODY OF COUNTY PROPERTY. The county judge, as the chief executive officer of the county, shall have custody of county property and shall be responsible for the administration, care, and keeping of such county property, including the right to dispose of county property in the manner and procedure provided by law for the disposal of county property by the county court.[1]
The county judge shall have the right to assign or not assign use of such property whether or not the county property was purchased with county funds or was acquired through donations, gifts, grants, confiscation, or condemnation.
It appears that there is one decision of the Arkansas Supreme Court which disagrees with this conclusion. It is my opinion however, that the decision is not the current law of Arkansas. In Maroney v. Universal Leasing Corp., 263 Ark. 8, 562 S.W.2d 77
(1978), the court held that the county judge had no authority to convey county property to an individual for industrial purposes without the approval of the county court. 263 Ark. at p. 9. In Maroney, however, the actual conveyance took place before the adoption of Amendment 55, and in fact, although the case was decided in 1978, some four years after adoption of the Amendment, the court did not cite, and in no way relied upon Amendment 55 in rendering its decision.
In my opinion the answer to your second question is "yes". Although prior to the adoption of Amendment 55, it was clear that the county court had the authority to lease county owned real property, (Chamber of Commerce v. Pulaski County, 113 Ark. 439,168 S.W. 848 (1914)), it is my opinion that under the Amendment, this same authority is now vested in the county judge.
With regard to your third question, it is my opinion that the "mechanisms" currently provided in A.C.A. 14-16-105 (Supp. 1987) must as a general matter be complied with in the execution of county leases, unless it is a case which comes within the purview of A.C.A. 14-164-201, et seq. which provides that counties may lease land to secure or develop industry in the area without complying with 14-16-105. (See A.C.A. 14-164-204, 205; and Dumas v. Jerry, 257 Ark. 1031, 521 S.W.2d 539 (1975)). Although I have not been presented with all the facts, it is my opinion that if the prospective lessee's operations come within the definition of industry found at A.C.A. 14-164-203(9), the county need not comply with the provisions of A.C.A. 14-16-105, and the county judge may simply execute the lease.
Resolution of your fourth question is unnecessary, as it is my opinion that a county judge can properly execute such a lease.
With regard to the proposed lease you have enclosed, it is the policy of this office not to review specific contents of documents with the view toward making a determination as to their factual application. This function is properly performed by the county attorney, or to the party the county normally looks to for legal advice. I will agree with you, however, that the provisions of the lease which concern you are indeed ambiguous and need further clarification by the county's legal advisor, and the parties involved.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] The "manner and procedure provided by law for disposal of county property by the county court" is found at A.C.A. 14-16-105 (Supp. 187), and contains provisions requiring appraisal, public notice, bidding, and a sale price limitation.