The Honorable Hoye D. Horn State Representative P.O. Box 64 Foreman, Arkansas 71836-0064
Dear Representative Horn:
This is in response to your request for an opinion concerning "bid requirements for a private entity receiving tax monies for capital improvements from a city or municipality." Specifically, you ask whether a private entity receiving "tax monies" must follow the laws regarding bidding which are applicable to the city.
Your question is drafted generally, and reference to all the surrounding facts and particular entities involved would be necessary to give an exact and definitive answer to your question. I can, however, set out some law surrounding your question, which I believe is relevant to the thrust of your inquiry, and thus give a general answer to your question.
If by a "private entity receiving tax monies for capital improvements," you are referring to a private entity which operates an industrial facility which is financed by revenue bonds issued to promote industrial growth in the city under the provisions of Act 9 of 1960 (A.C.A. § 14-164-201—224), or the provisions of A.C.A. § 14-164-501—528, it is my opinion that these projects are exempt from the usual bidding requirements applicable to city projects.[1] Two separate statutes in these subchapters require this conclusion. Section 14-164-204
provides that:
 This subchapter shall be liberally construed to accomplish its intent and purposes and shall be the sole authority required for the accomplishment of its purpose. To this end, it shall not be necessary to comply with general provisions of other laws dealing with public facilities, their acquisition, construction, leasing, encumbering, or disposition.
A similar provision is found at A.C.A. § 14-164-505 (b)(2), and controls as to projects financed under that subchapter. This language has been construed as obviating the need to comply with state law requirements such as notice, bidding, and appraisal procedures. See Daniels, Director v. City of Fort Smith,268 Ark. 157, 594 S.W.2d 238 (1980), and Dumas v. Jerry,257 Ark. 1031, 521 S.W.2d 539 (1975).
If the private entity to which you refer, therefore, operates it's facility under the provisions of one of these subchapters, it is my opinion that the facility is exempt from bidding requirements. Of course, if this is not the case, more facts would be necessary to provide a specific answer to your question.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] These projects are not financed by "tax monies," however, but are financed in the first instance by the revenues generated by the facilities, which are pledged to retire the revenue bonds. A.C.A. § 14-164-217 (b)(1), and A.C.A. § 14-164-518.