Oscar STILLEY, *Appellant/Intervenor v.*
George A. MAKRIS, Jr., *Appellee/Petitioner*,
and Helen McClinton Bradley, in Her Official Capacity
as County Clerk of Jefferson County,
Arkansas, *Appellee/Respondent*

00-1102                                     38 S.W.3d 889

Supreme Court of Arkansas
Opinion delivered February 15, 2001
[Petition for rehearing denied March 22, 2001.]

*Appellant/Intervenor*, pro se.

*Bridges, Young, Matthews & Drake PLC*, by: *Jack A. McNulty*; and *Friday, Eldredge & Clark*, by: *Joe D. Bell* and *R. Christopher Lawson*, for appellee.,

RAY THORNTON, Justice. This appeal concerns the validity of an initiative petition that was sponsored and filed by appellant, Oscar Stilley. This initiative petition proposed to require Jefferson County, Arkansas ("County"), to sell its county

hospital, known as Jefferson Regional Medical Center ("JRMC"). The ballot title and petition clearly stated that Oscar Stilley, attorney at law, would conduct and administer the sale of the hospital in exchange for a commission fee of five percent of the gross receipts from the sale. The proposed initiative would also abate or suspend taxes levied by the County. Appellee, George A. Makris, Jr. ("Makris"), sought a writ of mandamus, challenging the legal validity of appellant's initiative petition and seeking a temporary restraining order to prevent the county clerk from certifying the adequacy of the signatures on the petition. After appellant intervened, the trial court issued the order of mandamus and the temporary restraining order. We affirm both of the trial court's rulings.

The County currently leases the hospital property to Jefferson Hospital Association, Inc. ("Association"), pursuant to a lease agreement that does not expire until the year 2029. The County has issued revenue bonds, secured by a mortgage lien on the hospital property and the rental payments made under the lease. This agreement is contained in the trust indenture contract between the County and Simmons First National Bank of Pine Bluff, Arkansas.

On August 7, 2000, appellant filed an initiative petition bearing the popular name of "AN INITIATED ORDINANCE TO PROVIDE FOR THE SALE OF JEFFERSON COUNTY REGIONAL CENTER, A HOSPITAL OWNED BY JEFFERSON COUNTY, ARKANSAS" with the Jefferson County clerk ("Clerk") as an initiated ordinance, pursuant to Ark. Code Ann. § 14-14-914(c) (Repl. 1998) and Amendment 7 of the Arkansas Constitution. If adopted, the initiative petition would require that the County adopt an ordinance providing for the sale of JRMC to the highest bidder. The initiative also authorizes Mr. Stilley to provide all necessary advertisement, solicitation of bids, accounting and legal work necessary for the sale, and directs the payment of five percent of the gross selling price to Mr. Stilley. The petition further provides that, after Mr. Stilley's five percent commission is paid, the remaining net proceeds would be split evenly in the following manner: fifty percent would go to the County Road Fund, and the remaining fifty percent would go the County General Fund, County Road Fund, and the County Library Fund in order to offset, for a time, the revenue lost by abating and suspending the County tax millages dedicated to the County General Fund, the County Road Fund, and the County Library Fund.

After appellant filed his initiative petition, the Clerk had ten days to evaluate its sufficiency by determining whether the petition had been signed by not less that fifteen percent of the qualified electors who voted in the last general election for the office of circuit clerk, pursuant to Ark. Code Ann. § 14-14-915(d) (Repl. 1998). Under Ark. Code Ann. § 14-14-914(b) and (c) (Repl. 1998), the initiative petition could not be placed on the ballot without a certification by the Clerk that it contained a sufficient number of signatures.

On August 10, 2000, Makris, a citizen, resident, taxpayer, and registered voter in the County, filed a Petition for Writ of Mandamus challenging the legal validity of the initiative petition. Appellee Makris also filed a motion to expedite, requesting both a hearing within seven days, pursuant to Rule 78(d) of the Arkansas Rules of Civil Procedure, and a temporary order pursuant to Ark. Code Ann. § 16-115-108 (1987), restraining the Clerk from determining the sufficiency of the initiative petition pending a ruling from the Jefferson County Circuit Court on the petition's validity.

On August 11, 2000, the Jefferson County Circuit Court entered the requested temporary restraining order and set a hearing for August 16, 2000. Mr. Stilley moved to intervene on the morning of August 16, 2000, and the trial court granted his motion. At the hearing, the court ruled that the initiative petition was invalid on its face and should not be certified for inclusion on the general-election ballot.

On August 28, 2000, the trial court entered its order of mandamus, permanently ordering the Clerk to refrain from certifying the sufficiency of the initiative petition. The court ruled that the petition, in requiring the sale of JRMC under the direction of Mr. Stilley, violated the powers of the county judge and the county court with respect to the sale of county-owned property, contravened the statutory procedures for selling county property, and violated the duties of the county court to appropriate the proceeds from the sale of county property. The trial court further ruled that the proposed abatement or suspension of taxes violated Arkansas law governing the levy of property taxes by the county. Finally, the court ruled that the initiative petition constituted an impairment of contracts because it violated the covenants of the existing lease and impaired the security of its outstanding bonds.

Mr. Stilley brings his appeal from this order. He also joins appellee/respondent, Helen McClinton Bradley, in her official capacity as County Clerk of Jefferson County. Appellant relies upon two points for reversal: first, that the trial court erred in enjoining the certification of the petition signatures, and second, that the trial court erred in ruling that the initiative petition for the sale of the county hospital was legally invalid on its face. We affirm the trial court on both points.

## I. Mootness

■ We first address the issue of mootness. It is obvious that the General Election of November 7, 2000, has come and gone. Clearly, the proposed initiative cannot be voted on at an election already held. We first consider whether the issues raised in this appeal are moot. We believe that they are not. Mr. Stilley asserts in his brief that there are three other expected appeals in county cases that are to be filed with this court. We consider this issue affecting ballot eligibility to be one of public importance that is likely to recur. Under such circumstances, we will address the issues on the merits. *Allred v. McCloud*, 343 Ark. 35, 31 S.W.3d 836 (2000); *see also Jenkins v. Bogard*, 335 Ark. 334, 980 S.W.2d 270 (1998).

## II. Legal validity of the initiative petition

■ ■ Mr. Stilley challenges the jurisdiction of the circuit court to review this pre-election challenge to the validity of the proposed ordinance. Arkansas Code Annotated § 16-115-102 (1987), provides that: "The circuit and chancery court shall have power to hear and determine petitions for the writ of mandamus and prohibition and to issue such writs to all inferior courts, tribunals, and officers in their respective jurisdictions." Since the enactment of that statute in 1939, however, this court has held that the provision of the statute providing for chancery court jurisdiction over petitions for writs of mandamus violates the Arkansas Constitution. *Nethercutt v. Pulaski County Special School Dist.*, 248 Ark. 143, 450 S.W.2d 777 (1970). "It follows, therefore, that jurisdiction of writs of mandamus being traditionally common law writs, is restricted to and vested solely in our circuit or law courts." *Id.* Additionally, when the legal validity of an initiative petition is at issue, jurisdiction is in circuit court. *Mertz v. States*, 318 Ark. 390,

885 S.W.2d 853 (1994). Because the circuit court in this case determined the legal validity of appellant's initiative petition, we hold that the circuit court's jurisdiction was proper under *Mertz, supra.*

■ The next issue is whether the initiative petition is invalid on its face. Amendment 7 to the Arkansas Constitution provides that no initiated ordinance "shall be enacted contrary to the Constitution or any general law of the State." Arkansas Code Annotated § 14-14-914(b) also provides:

> No county legislative measure shall be enacted contrary to the Arkansas Constitution or any general state law which operates uniformly throughout the state, and any general law of the state shall have the effect of repealing any county ordinance which is in conflict therewith.

*Id.* Our well-established rule is that an initiated ordinance that is contrary to state law on its face should not be certified for inclusion on the ballot. *Stilley v. Henson,* 342 Ark. 346, 28 S.W.3d 274 (2000); *see also Donovan v. Priest,* 326 Ark. 353, 931 S.W.2d 119 (1996); *Czech v. Baer,* 283 Ark. 457, 677 S.W.2d 833 (1984).

Arkansas Code Annotated § 14-16-105 (Repl. 1998) provides for the procedure of the sale of all real and personal property owned by the County. The statute provides:

> (a) The county court of each county shall have power and jurisdiction to sell and cause to be conveyed any real estate or personal property belonging to the county and to appropriate the proceeds of the sale for the use of the county by proceeding in the manner set forth in this section.

> (b)(1) Whenever the county judge of any county shall consider it advisable and to the best interest of the county to sell and convey any real or personal property belonging to the county, he shall cause an order to be entered in the county court setting forth:

> (A) A description of the property to be sold;

> (B) The reason for the sale; and

> (C) An order directing the county assessor to cause the property to be appraised at its fair market value and to certify his appraisal thereof to the county court within a time to be specified in the order.

* * *

(d) If the appraised value of the property described in the order is less than the sum of five hundred dollars ($500), the property may thereafter be sold and conveyed by the county judge, either at public or private sale, for not less than three fourths (3/4) of the appraised value as shown by certificate of appraisal filed by the assessor.

* * *

(e)(1)(A) If the appraised value of the property to be sold exceeds the sum of five hundred dollars ($500), the county judge may sell the property to the highest and best bidder upon sealed bids received by the judge. The sheriff, the treasurer, and the circuit clerk of the county in which the property is to be sold shall constitute a board of approval for such sales, and the judge shall be the ex officio chairman of the board without a vote.

* * *

(3) The judge shall have the right to reject any and all bids received by him pursuant to the notice.

(4)(A) When a bid has been accepted for the property by the judge, he, as chairman of the approval board, shall immediately call a meeting of the board, and the proposals to sell at the acceptable bid shall be submitted to the board for its approval.

(B)(i) If a majority of the board approves the sale, then the judge may sell and convey the property to the highest bidder[.]

*Id.* The statute further provides that "[a]ny sale or conveyance of real or personal property belonging to any county not made pursuant to the terms of this section shall be null and void." *Id.; see also Maroney v. Universal Leasing Corp.,* 263 Ark. 8, 562 S.W.2d 77 (1978).

It is apparent that appellant's initiative petition conflicts with the numerous statutory provisions for the sale of county property. First, appellant's initiative petition provides for a method of selling JRMC that is contrary to this statutory provision. The petition would contravene the statutory authority and jurisdiction of the county court to sell county property under Ark. Code Ann. § 14-

16-105(a). Secondly, the petition would deprive the county judge of his authority to determine whether it is in the best interest of the county to sell its property. Ark. Code Ann. § 14-16-105(b). Appellant argues that the quorum court has the power to sell the county hospital, but that power is limited. Under the provisions of Ark. Code Ann. § 14-16-105, the county judge has the authority to make this determination, subject to the approval of the county voters. *See* Ark. Code Ann. § 14-16-105(g). Finally, the petition would deprive other county officials of the authority to perform their statutory roles in the sale of county property. Appellant's initiative petition eliminates the functions of the County, the county judge, and other county officials, and invests these responsibilities in Mr. Stilley, who is not a resident or landowner in the County.

Given the wording of his petition, Mr. Stilley is to receive five percent of the gross sale of JRMC and to perform all actions needed to carry out the sale. The express language of the petition gives Mr. Stilley the authority to conduct all aspects of the sale in contravention of the statutory authority of the assessor to appraise the property to be sold, the authority of the county judge to receive sealed bids and to reject any bids, and the authority of other elected officials to review and approve the county judge's acceptance of a bid. Ark. Code Ann. §§ 14-16-105(b)-(e).

Arkansas Code Annotated § 14-16-105(g) provides that any county hospital "constructed or maintained in whole or in part by taxes approved by the voters shall not be sold unless the sale is approved by the majority of electors voting on the issue at a general or special election." *Id.* This subsection does not repeal the provisions of the statute relating to the general procedures for selling county property, but adds an additional requirement for approval of the sale of a county hospital.

Additionally, the petition overturns the authority of the county court to appropriate the proceeds derived from the sale of county property. In appellant's petition, the proceeds are to be divided equally between the county road fund and the county general fund and others. This appropriation preempts the exercise of the power of the county court to appropriate proceeds under Ark. Code Ann. § 14-16-105(a) and Ark. Code Ann. § 14-16-105(d)(2)(a).

■■ Appellant's petition also requires the abatement or suspension of property taxes collected by the County for the county general fund, the county road fund, and the county library fund in accordance with net proceeds from the sale of JRMC. We have said that the power of the county to levy property taxes is not inherent; that power comes from either the Arkansas Constitution or the General Assembly. *Taggart & Taggart Seed Co., Inc. v. City of Augusta*, 278 Ark. 570, 647 S.W.2d 458 (1983). Here, appellant's proposed initiative would require a change in property tax using a procedure, wholly decided by Mr. Stilley, that is not authorized by the Arkansas Constitution. For example, Amendment 61 to the Arkansas Constitution authorizes quorum courts to "annually levy a county road tax not to exceed three (3) mills on the dollar on all taxable real and personal property within their respective counties." Mr. Stilley's initiative would violate provisions of the Arkansas Constitution, as well as the general laws adopted by our state legislature. The trial court's ruling on this point is affirmed.

■ Mr. Stilley's remaining argument is that the initiative petition would not impair the County's existing contracts. In its order, the trial court stated that the "Initiative Petition is also contrary to existing contracts." We have held that we would review a proposal's validity if the measure is clearly contrary to the law. *Kurrus v. Priest*, 342 Ark. 434, 29 S.W.3d 669 (2000). Here, the question is whether the proposed petition conflicts with Article 2, § 17, of the Arkansas Constitution and Article 1, § 10, of the United States Constitution, both of which prohibit the passage of any "law impairing the obligation of contracts." Additionally, Ark. Code Ann. § 14-14-805(8) (Repl. 1998) prohibits the adoption of an ordinance that impairs the obligation of a contract executed by the county.

Appellant's initiative petition requires the sale of JRMC to the highest bidder, but the land and facilities of JRMC are leased by the County to the Jefferson Hospital Association. JRMC, under the lease, must be operated by the Association until the year 2029, and all income derived from the property must be used exclusively for the costs of maintenance and operation. The lease agreement contains covenants that would be impaired by the sale. The covenants include the obligation by the Association to pay rent until the year 2029. Additionally, the County has covenanted that it will not terminate the lease except with the prior written approval of Sim-

mons First National Bank. The Association has also covenanted in the lease that all property financed by the bonds will be owned by a state or local governmental unit.

■ Hospital revenue bonds, issued by the County, remain outstanding in the approximate principal amount of ten to twelve million dollars. These bonds are secured by an indenture contract between the County and Simmons First National Bank, as trustee for the bonds. The Association has guaranteed the principal and interest payments on the bonds in its guaranty agreement with Simmons First National Bank. The County has covenanted in the indenture contract that as long as the bonds are outstanding, it will not sell JRMC to any party who is not willing to assume all obligations of the County with respect to the bonds. Clearly, Mr. Stilley's proposed initiative impairs the contractual obligations expressed in the lease agreements between the County and the Association and those contained in the trust indenture contract between the County and Simmons First National Bank. We hold that the trial court did not err in its finding on this point under *Kurrus, supra.*

### III. Temporary restraining order

Appellant also presents the issue whether the trial court erred in enjoining the county clerk from certifying signatures by a temporary restraining order. On August 10, 2000, when Makris filed his petition for writ of mandamus, he also requested a temporary order pursuant to Ark. Code Ann. § 16-115-108 to restrain the county clerk from counting or certifying any signatures until the circuit court ruled on the validity of the petition. On August 11, 2000, the circuit court set a hearing and issued a temporary restraining order that restrained the clerk from "examining and ascertaining the sufficiency of the Initiative Petition." Appellant now argues that the trial court erred in enjoining the county clerk from counting petition signatures.

■ This argument is not preserved for appellate review because Mr. Stilley failed to raise the issue with the circuit court. *See Ross Explorations, Inc. v. Freedom Energy, Inc.*, 340 Ark. 74, 8 S.W.3d 511 (2000). We have said repeatedly that we do not reach arguments made for the first time on appeal, and we do not reverse for error on matters that are not brought to the attention of the trial

judge. *Silvey Cos. v. Riley*, 318 Ark. 788, 888 S.W.2d 636 (1994). Because Mr. Stilley did not raise this argument at the trial level, we are precluded from addressing it now.[1] For the foregoing reasons, we affirm.

Affirmed.

---

[1] We note that Ark. Code Ann. § 16-115-108 may be applicable to the question. The statute provides:

> During the pendency of any proceeding upon a petition for a writ of mandamus or prohibition, the court having jurisdiction . . . may make such temporary orders as appear expedient and proper to prevent injury, waste, or damage of whatsoever kind.

