Oscar STILLEY *v.* John R. YOUNG and Freddy
Burton, in His Official Capacity as County
Clerk of Saline County, Arkansas; Greg Brown,
Margaret Ramsey, and Bob Burks, in their
Official Capacities as County Election
Commissioners of Saline County, Arkansas

00-1119                                    38 S.W.3d 895

Supreme Court of Arkansas
Opinion delivered February 22, 2001

*Appellant,* pro se.

*Curtis E. Rickard* and *Friday, Eldredge & Clark,* by: *Joe D. Bell* and *R. Christopher Lawson,* for appellee John R. Young.

RAY THORNTON, Justice. This appeal concerns the validity of an initiative petition that was sponsored and filed by appellant, Oscar Stilley. This initiative petition proposed to require Saline County ("County") to sell its county hospital, known as Saline Memorial Hospital ("Hospital"). The ballot title and petition stated that Oscar Stilley, attorney at law, would conduct and administer the sale of the hospital in exchange for a commission fee

of five-percent of the gross receipts from the sale. The proposed initiative would also abate or suspend taxes levied by the County. Appellee, John R. Young ("Young"), sought a writ of mandamus, challenging the legal validity of appellant's initiative petition. After appellant intervened, the trial court issued the order of mandamus, ruling that the initiative petition was invalid on its face, and restraining the Saline County Board of Election Commissioners from placing the petition on the ballot. We affirm the trial court's rulings.

## I. Background

The County currently leases the hospital property to the Saline County Medical Center ("Center"), a nonprofit corporation, pursuant to a lease agreement that does not expire until the year 2020. The County has issued revenue bonds, secured by a mortgage lien on the hospital property and the rental payments made under the lease. This agreement is contained in the trust indenture contract between the County and First Commercial Bank.

On August 7, 2000, appellant filed an initiative petition bearing the popular name of "AN INITIATED ORDINANCE TO PROVIDE FOR THE SALE OF JEFFERSON COUNTY REGIONAL CENTER, A HOSPITAL OWNED BY JEFFERSON COUNTY, ARKANSAS" with the Saline County Clerk ("Clerk") as an initiated ordinance, pursuant to Ark. Code Ann. § 14-14-914(c) (Repl. 1998) and Amendment 7 of the Arkansas Constitution. If adopted, the initiative petition would require that the County adopt an ordinance providing for the sale of Hospital to the highest bidder. The initiative also authorizes Mr. Stilley to provide all necessary advertisement, solicitation of bids, accounting, and legal work necessary for the sale, and directs the payment of five percent of the gross selling price to Mr. Stilley. The petition further provides that, after Mr. Stilley's five percent commission is paid, the remaining net proceeds would be split evenly in the following manner: fifty percent would go to the County Road Fund, and the remaining fifty percent would go the County General Fund, County Road Fund, and the County Library Fund in order to offset, for a time, the revenue lost by abating and suspending the County tax millages dedicated to the County General Fund, the County Road Fund, and the County Library Fund.

After appellant filed his initiative petition, the Clerk had ten days to evaluate its sufficiency, pursuant to Ark. Code Ann. § 14-14-915(d) (Repl. 1998), and on August 16, 2000, the Clerk determined that the petition contained sufficient signatures and certified the sufficiency of the signatures.

On August 24, 2000, Young, a citizen, resident, taxpayer, and registered voter in the County, filed a petition for writ of mandamus, challenging the legal validity of the initiative petition and seeking to prohibit its inclusion on the November ballot. Young also filed a motion to expedite, requesting a hearing within seven days, pursuant to Rule 78(d) of the Arkansas Rules of Civil Procedure.

On August 31, 2000, the Saline County Circuit Court held a hearing on the matter. Mr. Stilley moved to intervene on the morning of the hearing, and the trial court granted his motion. At the hearing, Saline County Judge, Lanny Fite, testified that it would not be in the best interest of the County to sell the Hospital. Judge Fite further testified that Mr. Stilley's initiative petition did not contain any procedure to permit him to make the administrative decision to sell county property, but gives his statutory authority as a judge to Mr. Stilley. Judge Fite also testified that the petition would stop the collection of property taxes in Saline County, and he would object to that provision.

At the conclusion of the hearing, the circuit court ruled that the petition was invalid on its face and restrained the Saline County Board of Election Commissioners and the Clerk from placing the petition on the general election ballot. The trial court entered its order of mandamus, stating that the initiative petition was invalid because it is "inconsistent with the provisions of Amendment 7 of the Arkansas Constitution, [and because] it interferes with and is inconsistent with the executive powers of the county judge to sell county property."

Mr. Stilley brings his appeal from this order. He also joins appellee/respondent, Freddy Burton, in her official capacity as County Clerk of Saline County, and Greg Brown, Margaret Ramsey, and Bob Burks, in their official capacities as Election Commissioners of Saline County.

## II. Initiative petition as legally invalid

The sole issue on appeal challenges the trial court's order of mandamus. This same issue was raised in *Stilley v. Makris*, 343 Ark. 673, 38 S.W.3d 889 (2001), where Mr. Stilley sought the reversal of an order of mandamus from Jefferson County Circuit Court that invalidated his initiative petition for the sale of Jefferson Regional Medical Center. In *Stilley, supra,* we affirmed the trial court's order of mandamus, holding that Mr. Stilley's initiative petition violated the provisions of Amendment 7 and the general laws of Arkansas. As we stated in *Stilley, supra,* we do not consider the issue moot because it is one of public importance that is likely to recur.

In the present case, Mr. Stilley filed an initiative petition in Saline County that was substantially the same as his initiative petition in Jefferson County. The Saline County Circuit Court's order invalidated the initiative petition on the grounds that it violated the county judge's authority to sell county property, and we affirm the trial court's ruling on the basis of our rationale in *Stilley, supra,* where we discussed at length that the petition violated the powers of the county judge and the county court with respect to the sale of county-owned property, contravened the statutory procedures for selling county property, violated the duties of the county court to appropriate proceeds from the sale of county property, violated Arkansas law governing the levy of property taxes by the county, and constituted an impairment of contract. Based upon our review of the issues presented in this case, and upon our holding in *Stilley, supra,* we conclude that there was no error in the Saline County Circuit Court's finding that Mr. Stilley's initiative petition was invalid on its face. Accordingly, we hold that the writ of mandamus to prohibit the inclusion of the initiative on the November ballot was appropriate, and we affirm.

Affirmed.