The Honorable Lance Reynolds State Representative Post Office Box 477 Quitman, Arkansas 72131-0477
Dear Representative Reynolds:
I am writing in response to your request for an opinion on the sale of city property. Specifically, you state the following facts and pose the following question:
 Approximately 30 years ago, the city of Heber Springs leased both real property and the structure thereon to a private corporation. A provision in that lease stated that the private corporation would have the option to purchase said real property the structure [sic] for a nominal amount after the bonds satisfied. Now the bonds are satisfied, the successor of the private corporation wants to exercise its option and buy the property as it is relocating out of the city.
Does Arkansas Code Ann. § 14-16-504 present any problem to the City of Heber Springs in conjunction with the sale of this property to private corporation [sic] considering there is nominal monetary consideration? (Additional consideration of course was the past economic benefit the city received by having the private corporation doing business in Heber Springs.)
 Does any other Code Section of applicable law prevent the City of Heber Springs from selling this property? *Page 2 
RESPONSE
I have not reviewed any of the documents in question and am not in possession of the all the facts surrounding the transaction. In addition, your reference to A.C.A. § 14-16-504 appears to be a typographical error, as this subsection has nothing to do with the subject matter of your request, addressing instead the authority of cities and counties to regulate firearms. It is thus difficult to fully address your question. As a general matter, however, if your question involves bonds issued under the provisions of A.C.A. § 14-164-201 to-224 (so-called "Act 9 bonds"), it is my opinion that state law does not require any bidding procedure in connection with the exercise of the previously-agreed upon option to purchase. In addition, assuming the transaction was executed as a typical Act 9 bond project, in compliance with that Act and other applicable statutes, I cannot state that a nominal consideration previously-agreed upon in the lease would violate state statutes.
Question 1 — Does Arkansas Code Ann. § 14-16-504 present any problem tothe City of Heber Springs in conjunction with the sale of this propertyto private corporation [sic] considering there is nominal monetaryconsideration?
Your reference to A.C.A. § 14-16-504 is apparently a typographical error, because it, among other things, provides that "A local unit of government shall not enact any ordinance or regulation pertaining to, or regulate in any other manner, the ownership, transfer, transportation, carrying, or possession of firearms, ammunition for firearms, or components of firearms, except as otherwise provided in state or federal law." A.C.A. § 14-16-504(b)(2)(A). This subject matter is not relevant to your request. I am uncertain, therefore, to what statute your question intends to refer.
I assume that your question concerns either any applicable bidding requirements for selling the property in question, or perhaps the adequacy of the nominal consideration recited in the lease agreement. Again, I cannot determine your exact question because of the typographical error in your request.
To the extent your question concerns any applicable bidding requirements, I have found no stated bidding requirements for the sale of municipal real property under the circumstances you describe. As one of my predecessors has stated with regard to that issue: *Page 3 
 Although cities are required to obtain bids prior to making certain expenditures, see A.C.A. § 14-58-303 and 22-9-203, they are not required to obtain bids for the sale or lease of property by the city to other parties. The sale or lease of property by cities is governed generally by the provisions of A.C.A. § 14-54-302 which specifically authorizes cities to lease property. That statute states:
 (a) Municipal corporations are empowered and authorized to buy, sell, convey, lease, rent, or let any real estate or personal property owned or controlled by the municipal corporations. This power and authorization shall extend and apply to all such real estate and personal property, including that which is held by the municipal corporation for public or governmental uses and purposes.
 A.C.A. § 14-54-302(a).[1]
 The statute sets forth only one formal requirement in connection with such leases, as follows:
 (c) The execution of all contracts and conveyances and lease contracts shall be performed by the mayor and city clerk or recorder, when authorized by a resolution, in writing, approved by a majority vote of the city council present and participating.
 A.C.A. § 14-54-302(c). (In addition to the above-quoted requirement, the lease agreement must be supported by adequate consideration. . . .
Op. Att'y Gen. 96-351 at 2-3.
I have thus found no applicable bidding requirements under the circumstances you describe.[2] Even if any municipal bidding requirement were applicable, it has been *Page 4 
held that similar bidding requirements are superseded by certain statutes relating to issuance of bonds.
In this regard, I assume that the bonds you describe, issued some thirty years ago, were authorized under Act 9 of 1960, now codified as A.C.A. § 14-164-201 — 224, the "Municipalities and Counties Industrial Development Revenue Bond Law." This law authorizes cities and counties to "own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, or contract concerning, or otherwise deal in or dispose of, any land, buildings, or facilities of any and every nature whatever that can be used in securing or developing industry within or near the municipality or county." A.C.A. §14-164-205. (Emphasis added). The term "lease" as used above, is defined as including "the granting of purchase options for such prices and upon such terms and conditions as the municipality or county shall determine." A.C.A. § 14-164-203(6). In addition, § 14-164-204 of the subchapter provides as follows:
 This subchapter shall be liberally construed to accomplish its intent and purposes and shall be the sole authority required for the accomplishment of its purpose. To this end, it shall not be necessary to comply with general provisions of other laws dealing with public facilities, their acquisition, construction, leasing, encumbering, or disposition.
(Emphasis added).
This provision formed a basis for the Arkansas Supreme Court's decision in Dumas v. Jerry, 257 Ark. 1031, 521 S.W.2d 539 (1975). InDumas, the Arkansas Supreme Court held that county bidding procedures (A.C.A. § 14-16-105), were not applicable to the later lease and option to purchase of Act 9 bond property donated by a private corporation to the county. The court held that the county bidding procedures were in irreconcilable conflict with the provisions of Act 9, which allow the sale or lease of property upon such terms as the political subdivision shall determine. Because Act 9 was the latter act, its provisions were deemed controlling.
Your question involves a municipality, not a county such as the one at issue in Dumas v. Jerry. Act 9 of 1960 covers both entities equally, however. See e.g., Daniels v. City of Fort Smith, 268 Ark. 157,594 S.W.2d 238 (1980) (concluding with regard to a city that Act 9 superseded the latter-adopted provisions of A.C.A. § *Page 5 22-9-301, which requires payment of the prevailing minimum wage to workers on certain public projects).
In my opinion, therefore, to the extent your question involves any applicable bidding requirements, I have not found any applicable to the municipal sale of municipal real property. In any event, if this is an Act 9 bond project, any such general requirements would in my opinion be deemed superseded by Act 9.
To the extent your question inquires as to the adequacy of the consideration for this sale, my predecessor in Op. Att'y Gen. 96-351
also addressed this issue. In the course of discussing a municipal lease of real property to a private corporation at the rate of one dollar for each twenty-year term, he stated:
 The question of whether particular consideration is adequate is a question of fact that must be considered in light of all of the relevant information, such as the value of the property, the proposed use of the property, and the benefit that will accrue to the city as a result of the lease.
 * * * The Arkansas Supreme Court has held that even non-monetary consideration can be adequate if a "public advantage" will result from the lease. In City of Blytheville v. Parks, 221 Ark. 734, 255 S.W.2d 962 (1953), the Arkansas Supreme Court upheld a bond issue used to finance the purchase of land which was immediately thereafter conveyed to the federal government without money consideration. The court held that "public advantage" constituted consideration. The court held that there was not a true "donation" of the land, because 1) there were many benefits which the city would receive in terms of increases in business and population, and 2) the city included a reverter clause in the deed which required that the land be returned to the city (greatly improved) if it ceased to be used for the purposes of the grant.
 The City of Blytheville court based its decision in part upon Little Rock Chamber of Commerce v. Pulaski County, 113 Ark. 439, 168 S.W. 848
(1914), in which the court had held that the county could convey a tract of land to the Chamber of Commerce (a *Page 6 
private entity) for one dollar "and benefits to accrue to said county from the expenditure by said Chamber of Commerce of the [private] fund raised for industrial and development purposes. . . ." 113 Ark. at 441.
Id. at 4.
You have not provided any additional facts as to the nature of the lease agreement or any of its terms. Typically, under an Act 9 arrangement, the lessee makes lease payments over the years which in turn are pledged to repayment of the bonds that were issued to either purchase or build the industrial facility. Assuming the bonds were issued along similar lines and in compliance with Act 9 of 1960, I cannot conclude that a nominal consideration for exercising the option to purchase is prohibited by statute. Cf. also City of Fort Smith v. Daniels,supra (mentioning a nominal $100 consideration for purchase of the Act 9 bond property at issue in that case); and see Green v. City of MountPleasant, 256 Iowa 1184, 131 N.W.2d 5 (1964) (upholding an option to purchase for a nominal sum in connection with industrial revenue bond lease agreement); State ex rel. County Court of Mineral County v.Bane, 148 W.Va. 392, 135 S.E.2d 349 (1964) (same); Bennett v. City ofMayfield, 323 S.W.2d 573 (Ky. 1959) (same); and Darnell v. County ofMontgomery, 202 Tenn. 560, 308 S.W.2d 373 (1957) (same). As stated above, however, it is difficult to fully analyze your first question without reference to the exact statute about which you intend to inquire and without reference to all the facts surrounding the transaction.
Question 2 — Does any other Code Section of applicable law prevent theCity of Heber Springs from selling this property?
See response to Question 1.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] This statute has been amended since the issuance of Op. Att'y. Gen. 96-351, but the amendment is not relevant to your question.See Acts 2005, No. 436.
[2] Special statutes requiring certain procedures prior to the sale of park or recreational property do not appear to apply to the facts you recite. See A.C.A. §§ 22-4-501 — 503.